IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| Sarah M. Galvan, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | Case No. 19-009134-NO |
| | ) | |
| | ) | |
| Krispy Kreme Donut Corporation, | ) | |
| A Foreign Corporation registered to | ) | |
| Conduct business in the State of | ) | |
| Michigan and Jane Doe, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Please take notice that defendant Krispy Kreme Doughnut Corporation, by counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby submit this notice of removal of the above-captioned case, which was originally filed in the State of Michigan in the Circuit Court of Wayne County as Civil Action No. 19-009134 to the United States District Court for the Eastern District of Michigan.  In support of removal, Defendant states as follows.

1.      On July 2, 2019, Sarah M. Galvan filed a complaint om the Circuit Court of Wayne County, Michigan (Case No. 19-009134) against defendants Krispy Kreme Doughnut Corporation ("KKDC") and Jane Doe.

2.      Defendant KKDC's removal of the state court action is timely.   A defendant seeking removal of an action filed in state court must file a notice of removal within 30 days of service of the initial pleading setting forth the claim for relief upon which action is based. *See*, 28 U.S.C. § 1446 (b)(1).   Defendant KKDC was served on January 28, 2020 with

Plaintiff's Answer to Interrogatories and Request for Production of Medical Records and brings this notice of removal within 30 days of the date of service upon the defendant.

3.  The Wayne County Circuit Court is located within the United States District Court for the Eastern District of Michigan.  Venue is proper under 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Wayne County, Michigan.

4.  Pursuant to 28 U.S.C. § 1446 (a), copies of all process, pleadings and orders served upon the defendant are attached as **Exhibit A** to this Notice of Removal.

5.  Plaintiff is domiciled in Michigan at 6765 Cornell St., Taylor, Michigan 48180. (Complaint ¶1, Plaintiff's Answer to Interrogatories ¶ 2).

6.  Defendant Krispy Kreme Doughnut Corporation is a foreign corporation organized under the laws of the State of North Carolina with its principal place of business in North Carolina. (**Exhibit B**).

7.  Plaintiff's complaint does not demand a specific dollar amount in damages, but admits Plaintiff's damages are in excess of $25,000.  (Complaint ¶ 5).

8.  Despite the lack of a demand for a specific dollar amount in the complaint, a cause of action may be removed where the defendant establishes that the amount-in-controversy more than likely than not exceeds $75,0000.  *Barber v. Zurich Am. Ins. Co.,* No. 14-12752, 2015 WL 93530, at *2 (E.D. Mich. Jan. 7, 2015), *Brewer v. Schindler Elevator Corp.,* No. 16-13133, 2017 WL 676942, at *2 (E.D. Mich. Feb. 21, 2017).    In *Barber,* the plaintiff alleged injuries to her "lower back, neck, legs, left arm, headaches, and depression as well as loss of wages, reasonable and necessary expenses for care, recovery, or rehabilitation."  2015 WL 93530, at *2.  This Court found "that the injuries combined with an open-ended request

for an unspecified amount of damages, made it more likely than not that the amount in controversy exceeded $75,000." *Id.*

9.  In this case, the amount in controversy more likely than not exceeds $75,000. Plaintiff's alleged injuries are "a severe crush fracture to right knee, tibial plateau, osteochronosis, resulting in surgical reconstruction and a plethora of other medical treatments; severe scarring and disfigurement; neurological injury including Complex Regional Pain Syndrome (CRPS); injury to her head, neck, back, spine, jaw, head, upper and/or lower extremities; various and diverse injuries to the extremities with all attendant injuries to bones, muscles, tissues, nerves, cartilages, ligaments and tendons." (Complaint ¶ 12) Plaintiff also seeks pain and suffering, severe embarrassment, loss of enjoyment, lost wages, expenditures for medical expenses, and medical mileage and out of pocket expenses and potential future lost earning capacity. (Complaint ¶ 12, Plaintiff's Answer to Interrogatories ¶ 11 and ¶ 10). Additionally, Plaintiff proffered evidence of an E.R.I.S.A. lien in the amount of $119,986.00 as of June 27, 2019. (Exhibit B and Plaintiff's Answer to Interrogatories). As compared to *Barber*, where the plaintiff injured the lower back, neck, legs, left arm, headaches, and depression, in this case, Plaintiff allegedly suffered grievous injury to her right knee, tibial plateau, head, neck, spine, jaw, upper and lower extremities, which resulted in a diagnosis of a life-long disease known as CRPS. Therefore, Plaintiff's injuries coupled with an open-ended request is more likely than not that Plaintiff's amount in controversy exceeds $75,000.

10. Plaintiff has additionally named a fictious defendant Jane Doe, employee of KKDC. As provided under 28 U.S.C. § 1441(a), citizenship of defendants sued under fictitious names shall be disregarded. (See also *Alexander v. Electronic Data Systems Corp.*, 13 F.3d 946

(1994), where the Sixth Circuit Court of Appeals disregarded 'Jane Doe' as fictitious defendant when no such real person was ever named of identified).

11.     Here, Jane Doe's citizenship may be disregarded for purposes of determining jurisdiction. Fictitious defendant Jane Doe was never named or identified by Plaintiff in this matter. Therefore, Jane Doe is not a defendant whose citizenship would be considered in determining whether the federal court has diversity jurisdiction over this suit.

12.     Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the instant matter is a civil action between citizens of different states in which the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

13.     Pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal, as well as a Notice of Filing for this Notice of Removal, is being filed with the Clerk of the Wayne Circuit Court, and a copy of the same is being served upon all parties.

14.     Defendant expressly reserve their right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendant respectfully requests this action be removed from the Circuit Court of Wayne County, Michigan to the United States District Court for the Eastern District of Michigan.

This 27th day of February, 2020.

/s/ Walter J. Fitzgibbons
WALTER J. FITZGIBBONS (P43520)

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

SARAH M. GALVAN,

      Plaintiff,                                    Case No. 19-009134-NO

                                                      Honorable Martha M. Snow

v.

KRISPY KREME DOUGHNUT
CORPORATION, A Foreign Corporation
Registered to Conduct business in the State of
Michigan,

      Defendant.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this date served all parties in the above-referenced matter

with a copy of the foregoing **NOTICE OF REMOVAL** by depositing same in the United States

Mail with adequate postage thereon addressed as follows:

                        Leonard E. Miller
                        The Sam Bernstein Law Firm
                        Attorney for Plaintiff
                        31731 Northwestern Hwy., Suite 333
                        Farmington Hills, MI 48334
                        lgeorge@sambernstein.com

This 27th day of February, 2020.

                                        */s/ Walter J. Fitzgibbons*
                                          WALTER J. FITZGIBBONS (P43520)

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Sarah M. Galvan,

        Plaintiff,

-vs-                                 Case No.: 19-     -NO
                                          Hon.

Krispy Kreme Donut Corporation,
A Foreign Corporation registered to
Conduct business in the State of
Michigan, and Jane Doe,

        Defendants.

_____

The Sam Bernstein Law Firm
Attorneys for Plaintiff
By: Leonard E. Miller (P35114)
31731 Northwestern Highway, Suite 333
Farmington Hills, Michigan 48334
(248) 538-5920

_____/

> **There is no other civil action between these parties arising out of the
> same transaction or occurrence as alleged in this Complaint pending in
> this Court, nor has any such action been previously filed and dismissed
> or transferred after having been assigned to a judge.**

## COMPLAINT AND JURY DEMAND

    NOW COMES the Plaintiff Sarah M. Galvan, by and through her attorneys, The Sam

Bernstein Law Firm, by attorney Leonard E. Miller, and for her causes of action against the

Defendants Krispy Kreme Donut Corporation and Jane Doe, respectfully shows to this

Honorable Court as follows:

### JURISDICTIONAL AVERMENTS

    1.    That Plaintiff Sarah M. Galvan, at all times pertinent hereto, was a resident of the

City of Westland, County of Wayne, State of Michigan.

19-009134-NO FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 7/2/2019 3:46 PM Inga Robertson

THE
SAM BERNSTEIN
LAW FIRM
31731 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-1669
(800) 225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

2.      That Defendant Krispy Kreme Donut Corporation a Foreign Corporation registered with the Michigan Department of Licensing to conduct business in the State of Michigan Corporation,  doing business in the City of Allen Park, County of Wayne, State of Michigan,  and whose registered agent for service of process is CSC-Lawyers Incorporating Service, 601 Abbott Road, East Lansing, Michigan 48823.

3.      That upon information and belief, Defendant, Jane Doe, was at all times relevant hereto an employee of the Krispy Kreme Donut Corporation at its Allen Park location, 15050 Southfield Road, and a resident of the County of Wayne, State of Michigan

4.      That all the acts, transactions and occurrences arose in the City of  Allen Park, County of Wayne, State of Michigan.

5.      That the amount in controversy in this litigation exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

## COUNT I

**NEGLIGENCE, PREMISES LIABILITY, NEGLIGENT SUPERVISION OF DEFENDANT'S EMPLOYEE, JANE DOE AND  RESPONDEAT SUPERIOR VS. DEFENDANT KRISPY KREME DONUT CORPORATION**

6.      That Plaintiff, Sarah M. Galvan, incorporates by reference paragraphs 1-5 of this Complaint as if set forth, word for word and paragraph by paragraph herein.

7.      That on or about the January 28, 2019, said Defendants were then and there the owner, operator, employee and  in control of the premises located above, exercising control over the common area of the interior of their business operation open to the public, located at 15050 Southfield Road, Allen Park, Michigan.

8.      That on the aforementioned date, your Plaintiff Sarah M. Galvan, was lawfully upon the aforedescribed premises and while carefully walking on the premises, did slip, trip and

2

fall to the ground with great force and violence due to the dangerous conditions then and there existing, to-wit, greasy clear water on the floor near the entrance/exit door.

9.      That at all times relevant hereto, the Defendants owed a duty to Plaintiff, who was lawfully upon the premises, to maintain the premises in a safe condition free from danger, to exercise reasonable care not to create, maintain dangerous conditions on the floor of their premises, to inspect and identify dangerous conditions of the walking surface of their premises, open to business invitees, More particularly Plaintiff, Sarah M. Galvan, and such duty further required that Defendant, Krispy Kreme Donut Corporation, take reasonable and appropriate measures, in light of existing and created circumstances, within a reasonable time after the dangerous condition was created.

10.     That at all times relevant hereto, the Defendants, owed a duty to Plaintiff, lawfully proceeding upon the premises as a business invitee, to keep such premises in a safe condition, free from dangerous hazardous conditions, then and there existing and to use reasonable care in the training and supervision of their employee, Defendant, Jane Doe with regard to mopping, warning through signs, cones and locking of adjacent entryways.

11.     That in total disregard of such duties the Defendant, Krispy Kreme Donut Corporation, by and through their agents, employees and/or franchisee(s) at all times material herein, breached said duties in one or more of the following particulars but, not necessarily limited to:

      (a)      Negligently, carelessly and recklessly washing the at issue floor with greasy and clear water, which was neither open or obvious to a person of average intelligence on casual inspection, on a portion of the premises where it was known or should have been known in the exercise of reasonable care that business invitees would walk thereby creating a dangerous and hazardous condition to business invitees, more particularly to Plaintiff, Sarah M. Galvan;

3

(b)     Negligently, carelessly and recklessly maintaining the premises in a dangerous condition which constituted the creation of an unnatural accumulation of water when they knew or should have been known that mopping of the floor in the area of the entry door posed a propensity toward the formation of a hazardous and unsafe condition of greasy clear water to be present;

(c)     Negligently, carelessly and recklessly increasing the hazard of walking on by the creation of the aforesaid accumulation of water by failing to correct said situation;

(d)     Negligently, carelessly and recklessly failing to keep said common area clear and free from hazards after the affirmative acts of Defendant which did create, cause and/or contribute to an unnatural accumulation of clear water as hereinbefore described;

(e)     Negligently, carelessly and recklessly allowing unnatural accumulations of water to remain on the property so as to endanger those persons lawfully upon same;

(f)     Negligently, carelessly and recklessly failing to remove a dangerous condition then and there existing from the property;

(g)     Negligently, carelessly and recklessly maintaining a hazardous condition on property flowing from Defendant's premises;

(h)     Negligently, carelessly and recklessly failing to provide Plaintiff reasonable and safe means of necessary access in and about said premises, and to keep her safe from dangerous unnatural accumulations of ice;

(i)     Negligently, carelessly and recklessly failing to warn Plaintiff of a dangerous and invisible dangerous and hazardous condition on their premises and its common areas by means of blocking off said area, through the use of warning devices or through the presence of persons designated to issue said warnings;

(j)     Negligently, carelessly and recklessly failing to use reasonable care to protect the Plaintiff and those like her from and against the hazards arising from the unnatural accumulation of liquid on their floor;

(k)     Negligently, carelessly and recklessly allowing said carport and parking lot to become and remain in poor repair;

(l)     Negligently, carelessly and recklessly failing to inspect said premises so as to discover a dangerous condition of which Defendants knew or had reason to know existed;

(m)   Negligently, carelessly and recklessly failing to alleviate a dangerous condition which Defendants knew or had reason to know existed;

(n)   Negligently, carelessly and recklessly failing to train and supervise their employee, Jane Doe;

(q)   In presenting and maintaining a nuisance on its premises.

(r)   In violating safety codes, including local statutes and ordinances, the Michigan Building Code and/or the International Property Maintenance or Building Codes, among others.

(s)   In otherwise negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonable prudent person under the same or similar circumstances and in otherwise causing the injuries and damages to Plaintiff as hereinafter alleged;

(t)   Negligently, carelessly and recklessly being guilty of other acts or negligence currently unknown to Plaintiff but, which will be ascertained through the discovery process.

12.   That as a direct and proximate result of the negligent acts and/or omissions on the part of the Defendants, Plaintiff, Sarah M. Galvan, was caused to fall to the ground with great force and violence and to suffer severe, grievous and permanent personal injuries, disability and damages, the full extent and character of which are currently unknown, but which will include but are not necessarily limited to:

(a)   Severe crush fracture to her right knee and tibial plateau, osteochronosis, resulting in surgical reconstruction and a plethora of other medical treatments;

(b)   Severe scarring and disfigurement;

(c)   Neurological injury, including complex regional pain syndrome/ reflex sympathetic dystrophy;

(d)   Injury to her head, neck, back, spine, jaw, head, upper and/or lower extremities;

(e)   Various and diverse injuries to the extremities with all attendant injuries to bones, muscles, tissues, nerves, cartilages, ligaments and tendons thereof;

5

(f)     Pain, suffering, discomfort, disability, extreme physical and emotional suffering;

(g)     Severe and continuing embarrassment, humiliation, anxiety, tension and mortification;

(h)     Loss of the natural enjoyments of life;

(i)     Loss of wages and/or earning capacity; and

(j)     Expenditures for physicians, hospitals, medicinal things and substances.

13.     That Defendant, Krispy Kreme Donut Corporation is liable to Plaintiff for damages and injuries caused to the Plaintiff, Sarah M. Galvan, by the negligent acts of their employee, Defendant, Jane Doe, which occurred in the course and scope of Jane Doe's employment under the doctrine of Respondeat Superior.

WHEREFORE, Plaintiff Sarah M. Galvan, prays that this Honorable Court award Plaintiff, Sarah M. Galvan damages in whatever amount to which she is entitled to receive, together with costs, interest and attorney fees from Defendant. Krispy Kreme Donut Corporation.

**COUNT II**
**NEGLIGENCE OF DEFENDANT JANE DOE**

14.     That Plaintiff, Sarah M. Galvan, incorporates by reference paragraphs 1-13 of this Complaint as if set forth, word for word and paragraph by paragraph herein.

15.     That Defendant, Jane Doe, had a duty to perform her job duties, within the course and scope of her employment, in a reasonably safe manner, including not creating a dangerous and defective condition of clear liquid on a walking surface where it was foreseeable, under the circumstances then present, that business invitees of his employer, Defendant, Krispy Kreme Donut Corporation, would walk upon entering their premises.

6

16.    That at all times relevant hereto, Defendant, Jane Doe, owed a duty to Plaintiff, lawfully proceeding upon the property, not to cause or create a dangerously defective condition to the premises, under the circumstances then present.

17.    That in total disregard of such duties the Defendant, Jane Doe, in the course and scope of her duties as an employee of, Defendant, Krispy Kreme Donut Corporation, did breach said duties in one or more of the following particulars but, not necessarily limited to:

(a)    Negligently, carelessly and recklessly washing the at issue floor, with greasy and clear water, during a time when business was open to invitees of the business, in an area where it was foreseeable business invitees would be walking, thereby creating a dangerous and defective condition which was neither open or obvious to a person of average intelligence on casual inspection, on a portion of the premises where it was known or should have been known, if Defendant, Jane Doe, had exercised reasonable care;

(b)    Negligently, carelessly and recklessly engaging in acts which made the premises dangerous due to an unnatural, dangerous and defective condition, to wit; the placing of clear, wet and greasy water on the floor during and/or after mopping of the floor in the area of the entry door

(c)    Negligently, carelessly and recklessly increasing the hazard of walking on the premises by the creation of the aforesaid accumulation of water and by failing to correct said situation;

(d)    Negligently, carelessly and recklessly failing to keep said common area clear and free from hazards after the affirmative acts of Defendant which did create, cause and/or contribute to an unnatural accumulation of clear water as hereinbefore described;

(e)    Negligently, carelessly and recklessly allowing unnatural accumulations of water to remain on the property so as to endanger those persons lawfully upon same;

(f)    Negligently, carelessly and recklessly failing to remove a dangerous condition then and there existing from the property;

(g)    Negligently, carelessly and recklessly maintaining a hazardous condition on property flowing from Defendant's premises;

(h)   Negligently, carelessly and recklessly failing to provide Plaintiff reasonable and safe means of necessary access in and about said premises, and to keep her safe from dangerous unnatural accumulations of ice;

(i)   Negligently, carelessly and recklessly failing to warn Plaintiff of a dangerous and invisible dangerous and hazardous condition on their premises and its common areas by means of blocking off said area, through the use of warning devices or through the presence of persons designated to issue said warnings;

(j)   Negligently, carelessly and recklessly failing to use reasonable care to protect the Plaintiff and those like her from and against the hazards arising from the unnatural accumulation of liquid on their floor;

(k)   Negligently, carelessly and recklessly failing to inspect said premises so as to discover a dangerous condition of which Defendant knew or had reason to know existed;

(l)   Negligently, carelessly and recklessly failing to alleviate a dangerous condition which Defendant knew or had reason to know existed;

(m)   In violating safety codes, including local statutes and ordinances, the Michigan Building Code and/or the International Property Maintenance or Building Codes, among others.

(n)   In otherwise negligently, carelessly and recklessly failing to exert that degree of care, caution and diligence as would be demonstrated by a reasonable prudent person under the same or similar circumstances and in otherwise causing the injuries and damages to Plaintiff as hereinafter alleged;

(o)   Negligently, carelessly and recklessly being guilty of other acts or negligence currently unknown to Plaintiff but, which will be ascertained through the discovery process.

18.   That as a direct and proximate result of the negligent acts and/or omissions on the part of the Defendant, Jane Doe, Plaintiff, Sarah M. Galvan, was caused to fall to the ground with great force and violence and to suffer severe, grievous and permanent personal injuries, disability and damages, the full extent and character of which are currently unknown, but which will include but are not necessarily limited to:

(a)     Severe crush fracture to her right knee and tibial plateau, osteochronosis, resulting in surgical reconstruction and a plethora of other medical treatments;

(b)     Severe scarring and disfigurement;

(c)     Neurological injury, including complex regional pain syndrome/ reflex sympathetic dystrophy;

(d)     Injury to her head, neck, back, spine, jaw, head, upper and/or lower extremities;

(e)     Various and diverse injuries to the extremities with all attendant injuries to bones, muscles, tissues, nerves, cartilages, ligaments and tendons thereof;

(f)     Pain, suffering, discomfort, disability, extreme physical and emotional suffering;

(g)     Severe and continuing embarrassment, humiliation, anxiety, tension and mortification;

(h)     Loss of the natural enjoyments of life;

(i)     Loss of wages and/or earning capacity; and

(j)     Expenditures for physicians, hospitals, medicinal things and substances.

WHEREFORE, Plaintiff Sarah M. Galvan, prays that this Honorable Court award Plaintiff, Sarah M. Galvan damages in whatever amount to which she is entitled to receive, together with costs, interest and attorney fees from Defendant, Jane Doe.

Respectfully submitted,

LAW OFFICES OF SAMUEL I. BERNSTEIN

By:     */s/ Leonard E.Miller*
Leonard E. Miller (P35114)
Attorneys for Plaintiff
31100 Northwestern Highway
Farmington Hills, MI  48018
DATED:  July 2, 2019                          (248) 538-5920

9

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Sarah M. Galvan,

     Plaintiff,

-v-                                    Case No.:  19-        -NO

Krispy Kreme Donut Corporation,
A Michigan Corporation, and
Jane Doe,

     Defendants.

The Sam Bernstein Law Firm
Leonard E. Miller (P35114)
Attorneys for Plaintiff
31731 Northwestern Highway, Suite 333
Farmington Hills, Michigan 48334
(248) 538-5920
lmiller@sambernstein.com

## JURY DEMAND

        NOW COMES the Plaintiff, Sarah Galvan, by and through her attorneys, The Sam

Bernstein Law Firm, and hereby respectfully requests a trial by jury in the above-entitled cause

of action.

                       Respectfully submitted,

                       LAW OFFICES OF SAMUEL I. BERNSTEIN

                       By:    s/Leonard E. Miller
                               Leonard E. Miller (P35114)
                               Attorneys for Plaintiff
                               31731 Northwestern Highway, Ste. 333
                               Farmington Hills, MI  48334
                               (248) 538-5920

DATED: Tuesday, July 02, 2019

10

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,                           Case No. 19-009134-NO
                                       Honorable Martha M. Snow

v.

KRISPY KREME DOUGHNUT
CORPORATION, A Foreign Corporation
registered to Conduct business in the State of
Michigan,

      Defendant.

---

LEONARD E. MILLER                  WALTER J. FITZGIBBONS
(P35114)                               (P43520)
The Sam Bernstein Law Firm        Law Offices of Christine Greig
Attorney for Plaintiff               Attorney for Defendant
31731 Northwestern Hwy., Suite 333   28411 Northwestern Hwy., Suite 640
Farmington Hills, MI 48334        Southfield, MI 48034
(248) 538-5920                       248-223-0120
lgeorge@sambernstein.com         Fax: 603-334-9174
                                    Walter.Fitzgibbons@libertymutual.com

---

### DEFENDANT KRISPY KREME DOUGHNUT CORPORATION'S
### NOTICE OF ENTRY OF APPEARANCE

TO:    CLERK OF THE COURT

      Please enter our Appearance as Attorney for Defendant Krispy Kreme Doughnut Corporation in the above-entitled cause.

TO:    ATTORNEY OF RECORD:

      Please take notice that we have entered our Appearance as Attorney for Defendant Krispy Kreme Doughnut Corporation in the above entitled cause of action.

19-009134-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   12/20/2019 3:55 PM   Inga Robertson

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*

BY:  WALTER J. FITZGIBBONS (P43520)
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

Dated:  December 20, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,

v.

KRISPY KREME DOUGHNUT CORPORATION, A
Foreign Corporation registered to Conduct business in
the State of Michigan,

      Defendant.

Case No. 19-009134-NO
Honorable Martha M. Snow

---

LEONARD E. MILLER
(P35114)
The Sam Bernstein Law Firm
Attorney for Plaintiff
31731 Northwestern Hwy., Suite 333
Farmington Hills, MI 48334
(248) 538-5920
lgeorge@sambernstein.com

WALTER J. FITZGIBBONS
(P43520)
Law Offices of Christine Greig
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
248-223-0120
Fax:  603-334-9174
Walter.Fitzgibbons@libertymutual.com

---

## DEFENDANT KRISPY KREME DOUGHNUT CORPORATION ANSWER TO PLAINTIFF'S COMPLAINT

NOW COME THE DEFENDANT Krispy Kreme Doughnut Corporation by and through its attorney, Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and in answer to Plaintiff's Complaint, states as follows:

### JURISDICTIONAL AVERMENTS

1. Neither admitted nor denied for lack of information to plead more definitely.

2. Neither admitted nor denied for lack of information to plead more definitely.

3. Neither admitted nor denied for lack of information to plead more definitely.

4. Neither admitted nor denied for lack of information to plead more definitely.

5. Neither admitted nor denied for lack of information to plead more definitely.

### COUNT I

**NEGLIGENCE, PREMISES LIABILITY, NEGLIGENT SUPERVISION OF
DEFENDANT'S EMPLOYEE, JANE DOE AND RESPONDEAT SUPERIOR
VS.
DEFENDANT KRISPY KREME DOUGHNUT CORPORATION**

6.  All previous answers given by Defendant are hereby incorporated by reference, in response to the incorporated paragraphs listed by Plaintiff.

7.  Neither admitted nor denied for lack of information to plead more definitely.

8.  Denied.

9.  Defendant admits any duties imposed by law, but denies the breach of any such duties. The remainder of the allegations are denied because they are untrue.

10. Defendant admits any duties imposed by law, but denies the breach of any such duties. The remainder of the allegations are denied because they are untrue.

11. Denied, because the allegations are untrue, including subparts a – t.

12. Denied, because the allegations are untrue, including subparts a – j.

13. Denied, because the allegations are untrue.

WHEREFORE, Defendant pray for a judgment in their favor, of "no cause of action," dismissal of the Complaint, together with awarding of costs, attorney fees, and all other expenses incurred in the defense of this action so wrongfully brought.

## COUNT II

## NEGLIGENCE OF DEFENDANT JANE DOE

14. All previous answers given by Defendant are hereby incorporated by reference, in response to the incorporated paragraphs listed by Plaintiff.

15. Defendant admits any duties imposed by law, but denies the breach of any such duties. The remainder of the allegations are denied in the form and fashion stated, because they are untrue.

16. Defendant admits any duties imposed by law, but denies the breach of any such duties. The remainder of the allegations are denied in the form and fashion stated, because they are untrue.

17. Denied in the form and fashion stated, because the allegations are untrue, including subparts a – o.

18. Denied in the form and fashion stated, because the allegations are untrue, including subparts a – j.

WHEREFORE, Defendant pray for a judgment in their favor, of "no cause of action," dismissal of the complaint, together with awarding of costs, attorney fees, and all other expenses incurred in the defense of this action so wrongfully brought.

Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*
BY:  WALTER J. FITZGIBBONS (P43520)
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

Dated:  December 20, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

     Plaintiff,      Case No. 19-009134-NO
            Honorable Martha M. Snow

v.

KRISPY KREME DOUGHNUT
CORPORATION, A Foreign Corporation
registered to Conduct business in the State of
Michigan,

     Defendant.

---

| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
|---|---|
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant Krispy |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

## DEFENDANT KRISPY KREME DOUGHNUT CORPORATION RELIANCE UPON JURY DEMAND

  NOW COME THE DEFENDANT Krispy Kreme Doughnut Corporation, by and through

its attorneys, Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and hereby rely

upon the Jury Demand as made by the Plaintiff in the case herein.


      LAW OFFICES OF CHRISTINE GREIG


      */s/ Walter J. Fitzgibbons*
      BY:  WALTER J. FITZGIBBONS (P43520)
      Attorney for Defendant
      28411 Northwestern Hwy., Suite 640
      Southfield, MI 48034
      Walter.Fitzgibbons@libertymutual.com
      248-223-0120

Dated:  December 20, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,

v.

KRISPY KREME DOUGHNUT CORPORATION, A Foreign Corporation registered to Conduct business in the State of Michigan,

      Defendant.

Case No. 19-009134-NO
Honorable Martha M. Snow

---

| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
|---|---|
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

## NOTICE OF TAKING DEPOSITION DUCES TECUM

TO:    **ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that the oral testimony by deposition of **Sarah M. Galvan** will be taken on **February 28, 2020 at 2:00 pm,** at **The Sam Bernstein Law Firm**, before a qualified Notary Public and in accordance with all Michigan Court Rules, at:

31731 Northwestern Hwy., Suite 333
Farmington Hills, MI 48334

**\*\*PLEASE CONTACT OUR OFFICE IMMEDIATELY IF DEPONENT REQUIRES INTERPRETER AND IF SO, WHAT LANGUAGE AND/OR DIALECT\*\***

Deponent is to bring all documents, photographs, statements, videotapes or other material that she intends to offer at the time of trial.

Demand is hereby made that counsel for plaintiff produce deponent at the above indicated time and place.

You are at liberty to appear at such time and cross-examine said witness.

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*

BY:  WALTER J. FITZGIBBONS (P43520)
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

Dated:  December 20, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

       Plaintiff,                     Case No. 19-009134-NO
                                       Honorable Martha M. Snow

v.

KRISPY KREME DOUGHNUT
CORPORATION, A Foreign Corporation
registered to Conduct business in the State of
Michigan,

       Defendant.

| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
|---|---|
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                      )ss
COUNTY OF OAKLAND    )

    Tracee A. Rodriguez, being duly sworn on December 20, 2019, deposes and says that she served a copy of the attached Appearance and Notice of Entry of Special Appearance, Answer to Complaint, Affirmative Defenses and Reliance upon Jury Demand upon the above-named attorneys via Wayne County eFile.

                     /s/ Tracee Rodriguez
                     TRACEE A. RODRIGUEZ

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,

v.

KRISPY KREME DOUGHNUT
CORPORATION, A Foreign Corporation
Registered to Conduct business in the State of
Michigan,

      Defendant.

Case No. 19-009134-NO
Honorable Martha M. Snow

---

| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
|---|---|
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax: 603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

## DEFENDANT KRISPY KREME DOUGHNUT CORPORATION AFFIRMATIVE AND/OR SPECIAL DEFENSES AND RESERVATION THEREOF

NOW COME THE DEFENDANT, Krispy Kreme Doughnut Corporation, by and through Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and by way of Affirmative and/or Special Defenses and Reservation thereof, states as follows:

1. Defendant did not owe any duty, expressed or implied by law, to the Plaintiff and/or did not breach any such duties owed to Plaintiff.

2. Plaintiff was at fault, in whole or in part, for the circumstances or occurrence giving rise to the allegations complained of in Plaintiff's Complaint.

3. Defendant were not negligent passively and/or actively, either by omission or commission of any alleged act, and is not guilty of any wrongdoing whatsoever.

19-009134-NO FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    12/20/2019 3:55 PM    Inga Robertson

4.  The claim brought by Plaintiff is barred by the expiration of the applicable statute of limitations, and Defendant hereby reserve the right to bring a motion for summary disposition accordingly.

5.  That the accident or injuries were caused in whole or in part by Plaintiff, other parties to this action, or other persons or entities.  Defendant reserve the right to request Plaintiff's award, if any, be reduced accordingly; and furthermore, Defendant assert the right to have its liability apportioned with respect to any other joint tortfeasors as appropriate.

6.  The accident or injuries were caused by negligence on the part of the Plaintiff in a percentage proportion of more than fifty percent (50%); therefore, Plaintiff is barred from recovering any non-economic loss damages.

7.  That Defendant lacked notice of any alleged unreasonable risk of harm.

8.  The Plaintiff had a duty to mitigate damages and failed to do so.

9.  The Plaintiff's ability to function was impaired due to the consumption of alcohol and/or a controlled substance, thus rendering the Plaintiff more than 50% at fault in the occurrence of the sued upon incident, and precluding the Plaintiff recovery of damages from the Defendant.

10. Plaintiff is not the proper party to bring this claim, having been subrogated in whole or in part by another.

11. Defendant were not in possession or control of the premises at the time of the subject incident.

12. To the extent that the Plaintiff's allegations can be read to seek recovery of punitive and/or exemplary damages, such allegations are utterly without foundation in fact or law, and in either event, fail to state a claim upon which relief can be granted.

13. If it is found that Plaintiff or anyone on Plaintiff's behalf has previously filed a lawsuit arising out of the same transaction or occurrence or has otherwise released this claim, this cause of action is barred against the Defendant by said release of liability.

14. That any medical conditions from which Plaintiff may suffer pre-existed the incident and were in no way caused or aggravated by the incident.

15. Defendant deny all allegations, expressed or implied, that plaintiff was without fault as to the causation or occurrence of the incident complained of; all such allegations being untrue.

16. Defendant reserve the right to file a notice of nonparty fault pursuant to MCR 2.112 (K).

17. Defendant had no notice, and could not have foreseen, the particular hazard complained of. Defendant reasonably could not have prevented the alleged harm.

18. Plaintiff has failed to state a cause of action against this defendant, and defendant therefore reserves the right to move for summary disposition pursuant to MCR 2.116 for that of for any other basis.

19. Assuming that the condition existed as described by the plaintiff, the condition of which the plaintiff complains was open and obvious and without special aspects and was readily observable by the plaintiff; therefore, the defendant had no duty to warn with respect to the alleged condition.

20. Defendant deny all allegations of negligence, either of omission or commission, and further denies all allegations of any other wrongdoing, as being without foundation and untrue.

21. Defendant rely upon any and all defenses in any applicable contracts, leases, etc., and reserves the right to file any applicable cross claim and/or third-party claim.

22. Defendant owe no duty to plaintiff in this cause of action, including because she is a third party to any contract applicable to the defendant.

23. Defendant rely upon any and all defenses pursuant to the Fultz/Leweke line of cases and/or any and all defenses to Plaintiff's negligence claim against this defendant.

24. Defendant were not negligent/actively negligent and/or committed no misfeasance and/or nonfeasance relating to this matter and denies Plaintiff's allegations as false.

25. Defendant rely upon any and all other affirmative defenses filed by any other parties.

26. Defendant rely upon any and all common law and/or statutory defenses to the claim of negligence, premises liability, negligent supervision and respondeat superior, including but not limited to those already listed, that the alleged employee was not an employ of defendant, etc..

27. Defendant have no possession and/or control of the condition which Plaintiff claims caused the alleged accident.

28. Defendant reserve the right to file a motion for summary disposition pursuant to MCR 2.116 (C) (8) and (10).

29. Plaintiff has failed to plead a valid claim of negligence against this Defendant and Defendant reserves its fight to file a Motion for Summary Disposition to dismiss this claim.

30. Plaintiff has failed to properly serve, plead against and identify and/or bring a proper cause of action against Defendant will seek a Motion for Summary Disposition regarding that Defendant.

31. There is no Jane Doe Defendant regarding this matter.

32. Defendant admit any duties expressed or implied by law but deny any breach of duty whatsoever.

33. Defendant rely upon any and all defenses to Plaintiff's claims of negligence, recklessness and carelessness.

34. Defendant rely upon any and all defenses to Plaintiff's claims of violations of any building codes.

35. That defendant had no notice, and could not have foreseen, the particular hazard complained of. Defendant are not responsible or liable for the alleged conditions or hazard which defendant reasonably could not have prevented.

36. This Defendant reserve the right to plead further and more specific Affirmative Defenses or Special Defenses upon discovery of facts which will allow Defendant to plead more specifically.

WHEREFORE, Defendant Krispy Kreme Doughnut Corporation now pray for judgment of no cause for action, together with costs and attorney fees most unjustly incurred.


Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG


*/s/ Walter J. Fitzgibbons*

BY:  WALTER J. FITZGIBBONS (P43520)
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

Dated:  December 20, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,

v.

JANE DOE,

      Defendant.

Case No. 19-009134-NO
Honorable Martha M. Snow

---

| | |
|---|---|
| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

### DEFENDANT JANE DOE'S
### NOTICE OF ENTRY OF SPECIAL APPEARANCE

TO:    CLERK OF THE COURT

    Please enter our Special Appearance as Attorney for Defendant Jane Doe in the above-entitled cause.

TO:    ATTORNEY OF RECORD:

    Please take notice that we have entered our Special Appearance as Attorney for Defendant Jane Doe in the above entitled cause of action.

        LAW OFFICES OF CHRISTINE GREIG

        */s/ Walter J. Fitzgibbons*

        BY:  WALTER J. FITZGIBBONS (P43520)
        Attorney for Defendant
        28411 Northwestern Hwy., Suite 640
        Southfield, MI 48034
        Walter.Fitzgibbons@libertymutual.com
        248-223-0120

Dated:  December 20, 2019

19-009134-NO FILED  IN MY OFFICE  Cathy M. Garrett  WAYNE COUNTY CLERK  12/20/2019 3:55 PM  Inga  Robertson

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

       Plaintiff,

v.

JANE DOE,

       Defendant.

Case No. 19-009134-NO
Honorable Martha M. Snow

---

| | |
|---|---|
| LEONARD E. MILLER (P35114) | WALTER J. FITZGIBBONS (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

## DEFENDANT JANE DOE'S ANSWER TO PLAINTIFF'S COMPLAINT BY SPECIAL APPEARANCE

NOW COME THE DEFENDANT Jane Doe, by special appearance and through its attorney, Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and in answer to Plaintiff's Complaint, states as follows:

## JURISDICTIONAL AVERMENTS

1. Neither admitted nor denied for lack of information to plead more definitely.

2. Neither admitted nor denied for lack of information to plead more definitely.

3. Neither admitted nor denied for lack of information to plead more definitely.

4. Neither admitted nor denied for lack of information to plead more definitely.

5. Neither admitted nor denied for lack of information to plead more definitely.

### COUNT I

### NEGLIGENCE, PREMISES LIABILITY, NEGLIGENT SUPERVISION OF DEFENDANT'S EMPLOYEE, JANE DOE AND RESPONDEAT SUPERIOR VS.

**DEFENDANT KRISPY KREME DOUGHNUT CORPORATION**

6.  Neither admitted nor denied for lack of information to plead more definitely.

7.  Neither admitted nor denied for lack of information to plead more definitely.

8.  Neither admitted nor denied for lack of information to plead more definitely.

9.  Neither admitted nor denied for lack of information to plead more definitely.

10. Neither admitted nor denied for lack of information to plead more definitely.

11. Neither admitted nor denied for lack of information to plead more definitely, including subparts a – t.

12. Neither admitted nor denied for lack of information to plead more definitely, including subparts a – j.

13. Neither admitted nor denied for lack of information to plead more definitely.

WHEREFORE, Defendant pray for a judgment in their favor, of "no cause of action," dismissal of the Complaint, together with awarding of costs, attorney fees, and all other expenses incurred in the defense of this action so wrongfully brought.

**COUNT II**

**NEGLIGENCE OF DEFENDANT JANE DOE**

14. All previous answers given by Defendant are hereby incorporated by reference, in response to the incorporated paragraphs listed by Plaintiff.

15. Neither admitted nor denied for lack of information to plead more definitely.

16. Neither admitted nor denied for lack of information to plead more definitely.

17. Neither admitted nor denied for lack of information to plead more definitely, including subparts a – o.

18. Neither admitted nor denied for lack of information to plead more definitely, including subparts a – j.

WHEREFORE, Defendant pray for a judgment in their favor, of "no cause of action," dismissal of the complaint, together with awarding of costs, attorney fees, and all other expenses incurred in the defense of this action so wrongfully brought.

Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*

BY:  WALTER J. FITZGIBBONS (P43520)
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

Dated:  December 20, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,                    Case No. 19-009134-NO
                                     Honorable Martha M. Snow
v.

KRISPY KREME DONUT CORPORATION,
A Foreign Corporation registered to Conduct
business in the State of Michigan, and Jane Doe,

      Defendant.

---

| | |
|---|---|
| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant Krispy |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

### DEFENDANTS, KRISPY KREME DONUT CORPORATION' & JANE DOE'S RELIANCE UPON JURY DEMAND

      NOW COME THE DEFENDANT, Jane Doe, by special appearance and through its

attorney, Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and hereby rely upon

the Jury Demand as made by the Plaintiff in the case herein.

                     LAW OFFICES OF CHRISTINE GREIG

                     */s/ Walter J. Fitzgibbons*
                     BY:  WALTER J. FITZGIBBONS (P43520)
                     Attorney for Defendant
                     28411 Northwestern Hwy., Suite 640
                     Southfield, MI 48034
                     Walter.Fitzgibbons@libertymutual.com
                     248-223-0120

Dated:  December 20, 2019

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,                  Case No. 19-009134-NO
                                            Honorable Martha M. Snow

v.

JANE DOE,

      Defendant.

| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
|---|---|
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax:  603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

**PROOF OF SERVICE**

STATE OF MICHIGAN     )
                         )ss
COUNTY OF OAKLAND   )

     Tracee A. Rodriguez, being duly sworn on December 20, 2019, deposes and says that she served a copy of the attached Appearance and Notice of Entry of Special Appearance, Answer to Complaint, Affirmative Defenses and Reliance upon Jury Demand upon the above-named attorneys via Wayne County eFile.

                            */s/ Tracee Rodriguez*
                            TRACEE A. RODRIGUEZ

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SARAH M. GALVAN,

      Plaintiff,                          Case No. 19-009134-NO
                                              Honorable Martha M. Snow

v.

JANE DOE,

      Defendant.

---

| LEONARD E. MILLER | WALTER J. FITZGIBBONS |
|---|---|
| (P35114) | (P43520) |
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendant |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI 48334 | Southfield, MI 48034 |
| (248) 538-5920 | 248-223-0120 |
| lgeorge@sambernstein.com | Fax: 603-334-9174 |
| | Walter.Fitzgibbons@libertymutual.com |

---

## DEFENDANT JANE DOE'S AFFIRMATIVE AND/OR SPECIAL DEFENSES AND RESERVATION THEREOF BY SPECIAL APPEARANCE

NOW COME THE DEFENDANT Jane Doe, by special appearance and through Law Offices of Christine Greig, by Attorney Walter J. Fitzgibbons, and by way of Affirmative and/or Special Defenses and Reservation thereof, states as follows:

1. Defendant did not owe any duty, expressed or implied by law, to the Plaintiff and/or did not breach any such duties owed to Plaintiff.

2. Plaintiff was at fault, in whole or in part, for the circumstances or occurrence giving rise to the allegations complained of in Plaintiff's Complaint.

3. Defendant were not negligent passively and/or actively, either by omission or commission of any alleged act, and is not guilty of any wrongdoing whatsoever.

4.  The claim brought by Plaintiff is barred by the expiration of the applicable statute of limitations, and Defendant hereby reserve the right to bring a motion for summary disposition accordingly.

5.  That the accident or injuries were caused in whole or in part by Plaintiff, other parties to this action, or other persons or entities.  Defendant reserve the right to request Plaintiff's award, if any, be reduced accordingly; and furthermore, Defendant assert the right to have its liability apportioned with respect to any other joint tortfeasors as appropriate.

6.  The accident or injuries were caused by negligence on the part of the Plaintiff in a percentage proportion of more than fifty percent (50%); therefore, Plaintiff is barred from recovering any non-economic loss damages.

7.  That Defendant lacked notice of any alleged unreasonable risk of harm.

8.  The Plaintiff had a duty to mitigate damages and failed to do so.

9.  The Plaintiff's ability to function was impaired due to the consumption of alcohol and/or a controlled substance, thus rendering the Plaintiff more than 50% at fault in the occurrence of the sued upon incident, and precluding the Plaintiff recovery of damages from the Defendant.

10. Plaintiff is not the proper party to bring this claim, having been subrogated in whole or in part by another.

11. Defendant were not in possession or control of the premises at the time of the subject incident.

12. To the extent that the Plaintiff's allegations can be read to seek recovery of punitive and/or exemplary damages, such allegations are utterly without foundation in fact or law, and in either event, fail to state a claim upon which relief can be granted.

13. If it is found that Plaintiff or anyone on Plaintiff's behalf has previously filed a lawsuit arising out of the same transaction or occurrence or has otherwise released this claim, this cause of action is barred against the Defendant by said release of liability.

14. That any medical conditions from which Plaintiff may suffer pre-existed the incident and were in no way caused or aggravated by the incident.

15. Defendant deny all allegations, expressed or implied, that plaintiff was without fault as to the causation or occurrence of the incident complained of; all such allegations being untrue.

16. Defendant reserve the right to file a notice of nonparty fault pursuant to MCR 2.112 (K).

17. That defendant had no notice, and could not have foreseen, the particular hazard complained of. Defendant reasonably could not have prevented the alleged harm.

18. Plaintiff has failed to state a cause of action against this defendant, and defendant therefore reserves the right to move for summary disposition pursuant to MCR 2.116 for that of for any other basis.

19. Assuming that the condition existed as described by the plaintiff, the condition of which the plaintiff complains was open and obvious and without special aspects and was readily observable by the plaintiff; therefore, the defendant had no duty to warn with respect to the alleged condition.

20. Defendant deny all allegations of negligence, either of omission or commission, and further denies all allegations of any other wrongdoing, as being without foundation and untrue.

21. Defendant rely upon any and all defenses in any applicable contracts, leases, etc., and reserves the right to file any applicable cross claim and/or third-party claim.

22. Defendant owe no duty to plaintiff in this cause of action, including because she is a third party to any contract applicable to the defendant.

23. Defendant rely upon any and all defenses pursuant to the Fultz/Leweke line of cases and/or any and all defenses to Plaintiff's negligence claim against this defendant.

24. Defendant were not negligent/actively negligent and/or committed no misfeasance and/or nonfeasance relating to this matter and denies Plaintiff's allegations as false.

25. Defendant rely upon any and all other affirmative defenses filed by any other parties.

26. Defendant rely upon any and all common law and/or statutory defenses to the claim of negligence, premises liability, negligent supervision and respondeat superior, including but not limited to those already listed, that the alleged employee was not an employ of defendant, etc..

27. Defendant have no possession and/or control of the condition which Plaintiff claims caused the alleged accident.

28. Defendant reserve the right to file a motion for summary disposition pursuant to MCR 2.116 (C) (8) and (10).

29. Plaintiff has failed to plead a valid claim of negligence against this Defendant and Defendant reserves its fight to file a Motion for Summary Disposition to dismiss this claim.

30. Plaintiff has failed to properly serve, plead against and identify and/or bring a proper cause of action against Defendant will seek a Motion for Summary Disposition regarding that Defendant.

31. There is no Jane Doe Defendant regarding this matter.

32. Defendant admit any duties expressed or implied by law but deny any breach of duty whatsoever.

33. Defendant rely upon any and all defenses to Plaintiff's claims of negligence, recklessness and carelessness.

34. Defendant rely upon any and all defenses to Plaintiff's claims of violations of any building codes.

35. That defendant had no notice, and could not have foreseen, the particular hazard complained of. Defendant are not responsible or liable for the alleged conditions or hazard which defendant reasonably could not have prevented.

36. This Defendant reserve the right to plead further and more specific Affirmative Defenses or Special Defenses upon discovery of facts which will allow Defendant to plead more specifically.

WHEREFORE, Defendant Jane Doe now pray for judgment of no cause for action, together with costs and attorney fees most unjustly incurred.

Respectfully Submitted,

LAW OFFICES OF CHRISTINE GREIG

*/s/ Walter J. Fitzgibbons*

BY:  WALTER J. FITZGIBBONS (P43520)
Attorney for Defendant
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034
Walter.Fitzgibbons@libertymutual.com
248-223-0120

Dated:  December 20, 2019

THE
# SAM BERNSTEIN®
## LAW FIRM



| | | |
|---|---|---|
| SAMUEL I. BERNSTEIN *†‡◊ | BRIAN H. LONNERSTATER † | ALEXANDER J. KASSAB |
| MARK J. BERNSTEIN *† | BRIAN R. ZAID | CARA M. KIRKPATRICK |
| BETH BERNSTEIN MILLER | STANLEY J. FELDMAN □ | NICHOLAS MANIKAS |
| BERNARD H. ZAFFERN (DECEASED) | HOWARD M. COHEN | DANIEL KOESTER |
| MICHAEL L. BATTERSBY *† | REBECCA SPOSITA | STEPHEN R. BOEHRINGER |
| EDMUND O. BATTERSBY | STEFANIE A. FRYER | SHERREN SILVER |
| MICHAEL A. WEISSERMAN | MATTHEW M. ANEESE | MARK E. SISSON |
| MARK PICKLO *†◊ | LORIE N. LIEBERMAN | M. GRACE WILLIAMS |
| RONALD S. MARVIN † | DAVID J. ELKIN | KATHERINE R. ROHR |
| LEONARD E. MILLER | LEE'AH D. BASEMORE | ALEXANDER WALDMAN |
| ELIZABETH D. KLEIN † | JOSEPH J. CEGLAREK, II | |

A PROFESSIONAL LIMITED LIABILITY COMPANY

ALL CORRESPONDENCE TO:
31731 NORTHWESTERN HIGHWAY, SUITE 333
FARMINGTON HILLS, MICHIGAN 48334-1669
(800) 225-5726 · FAX (248) 737-4392

1787 GRAND RIDGE COURT NE, SUITE 202
GRAND RAPIDS, MICHIGAN 49525-7042
(616) 333-0330 · FAX (616) 333-0331

FEDERAL TAX I.D. NUMBER: 27-1466737

◊ FOUNDER, OF COUNSEL & RETIRED SHAREHOLDER
* ALSO ADMITTED IN ILLINOIS
‡ ALSO ADMITTED IN FLORIDA

† ALSO ADMITTED IN OHIO
◊ OF COUNSEL
□ ALSO ADMITTED IN GEORGIA

January 28, 2020

Law Offices of Christine Greig
Walter J. Fitzgibbons
28411 Northwestern Hwy., Suite 640
Southfield, MI 48034

    Re:    Sarah Galvan v. Krispy Kreme Donut Corporation and Jane Doe
    Case No.: 19-009134-NO

Dear Counsel:

Enclosed please find a courtesy copy of Plaintiff's Answers to Defendant Interrogatories and Request for Production of Documents.

Thank you.

        Very truly yours,

    THE SAM BERNSTEIN LAW FIRM

      *Leonard E. Miller*

      Leonard E. Miller

LEM: sc
Enclosure

THREE GENERATIONS OF LAWYERS HELPING INJURED PEOPLE
MANDELL BERNSTEIN (1905-1968) · SAMUEL I. BERNSTEIN · MARK J. BERNSTEIN · BETH BERNSTEIN MILLER
CALLSAM.COM · TELEPHONE: 1-800-CALL-SAM · FACEBOOK: CallSam · TWITTER: @CallSam



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Sarah M. Galvan,

        Plaintiff,

-vs-                          Case No.:  19-009134-NO
                                      Hon. Martha Snow

Krispy Kreme Donut Corporation,
A Foreign Corporation registered to
Conduct business in the State of
Michigan, and Jane Doe,

        Defendants.

| LEONARD E. MILLER (P35114) | WALTER J. FITZGIBBONS (P43520) |
|---|---|
| The Sam Bernstein Law Firm | Law Offices of Christine Greig |
| Attorney for Plaintiff | Attorney for Defendants |
| 31731 Northwestern Hwy., Suite 333 | 28411 Northwestern Hwy., Suite 640 |
| Farmington Hills, MI  48334 | Southfield, MI  48034 |
| (248) 538-5920 | (248) 223-0120 |
| lgege@samernstein.com | Fax: 603-334-9174 |
| | Walter.fitzgibbons@libertymutual.com |

## PLAINTIFF'S ANSWERS TO INTERROGATORIES TO SARAH M. GALVAN PLAINTIFF AND REQUEST FOR PRODUCTION OF MEDICAL RECORDS

    NOW COME Plaintiff, SARAH M. GALVAN, by and through her attorneys, THE SAM

BERNSTEIN LAW FIRM, by LEONARD E. MILLER, and in Answers to Defendant KRISPY

KREME DONUT CORPORATION's Interrogatories states as follows:

1.      Please state your full names (please include maiden name and all previous married names, aliases or nicknames), and please state the time (or dates) and circumstances you would have used such other names.  Also include your date of birth, social security number, and drivers' license number.

**ANSWER:**      **Sarah Marie Lapansee – maiden name**
                 **Sarah Marie Galvan – married name**
                 **DOB: 05/11/1979**
                 **SSN: 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**

2.      What is your address:

        a.      How long have you lived at that address?
        b.      If you have had other addresses in the past ten (10) years, please state those addresses and the dates you lived there.

**ANSWER:**      **Address: 6765 Cornell St., Taylor, MI  48180**
                 **(a)      Moved in 10/2019**
                 **(b)      Previous addresses:**
                 **5646 Bedford St, Dearborn Heights, MI  48180**
                 **Lived there 12/17-10/19**

                 **24610 Ames Hwy, Taylor, MI  48180**
                 **Lived there 05/2015 – 12/17**

                 **Bloomingdale Ave, Riverview, FL**
                 **12/14 – 05/15**

                 **7165 Lakeshore Rd, Burtchville, MI**
                 **08/14-12/14**

                 **8331 South St., Apt 1, Detroit, MI  48209**
                 **10/13-08/14**

3.      Were you married at the time of this incident?  If so, state:

        a.      your spouse's full name.  If applicable, include maiden name;
        b.      the date and place of the marriage;
        c.      whether or not your spouse was residing with you at the time of this incident;
        d.      if not, when the separation occurred;
        e.      your spouse's present address; and
        f.      the names, ages, and addresses of any children of this marriage.

**ANSWER:**      **Yes I was married at the time of the incident.**
                 **(a)      Spouse:  Abel Galvin (no middle name)**

2

        **(b)**    **05/21/14 Toledo, Ohio**
        **(c)**    **Spouse was residing with me at the time of incident**
        **(d)**    **N/A**
        **(e)**    **Spouse address is 5646 Bedford St, Dearborn Heights, MI 48125**
        **(f)**    **No children in marriage**

4.     If you have been previously married, state:

    a.    full names and addresses of all former spouses;
    b.    the manner in which each such marriage was terminated; and
    c.    the names, ages, and addresses of any children and a designation of the marriage
       of which they were born.

**ANSWER:**   **No other marriages.**

5.     Please list the names and addresses of all doctors, medical facilities, hospitals, clinics, therapists and/or chiropractors you treated with, were examined by or sought medical attention from as a result of any injuries you claim are related to the incident which is the subject of this lawsuit.

**ANSWER:**   **Dr. Alfred Faulkner, 21031 Michigan Ave, Dearborn, MI 48124**
                 **(313) 277-6700**
                 **Dr. Richard Rosenquist, 9500 Euclid Ave #C25, Cleveland, OH 44195**
                 **(216) 445-3900**
                 **Dr. Mouna Haddad-Khoury, 3500 15 Mile Rd, Sterling Heights, MI 48310**
                 **(586) 977-8990**
                 **Dr. Shushovan Chakrabortty, 24430 Ford Rd, Dearborn Heights, MI 48127**
                 **(313) 565-6782**
                 **Emergency room doctors at Beaumont main hospital in Dearborn**
                 **Treating emergency Dr. Jonathan B. Leischner, DO on 1/29/18**
                 **Allen Park paramedics who responded**
                 **Team Rehab, 21751 Ecorse Rd, Taylor, MI 48180 – Joyce Balagot**

6.     For the past ten (10) years, state the names and addresses of any other physicians, osteopaths, chiropractors, or other health care providers who have treated or examined you, along with the approximate dates of treatment and what type of treatment was received. Pursuant to MCR 2.310, and if you will do so without a motion to produce, please produce any and all records from each of the above.

**ANSWER:**   **Dr. Mouna Haddad-Khoury, 3500 15 Mile Rd Sterling Heights, MI 48310**
                 **(586) 977-8990, diabetic/primary care doctor**

                 **Dr. Christine Climie, 15777 Northline Rd, Ste 202 Southgate, MI 48195**
                 **Diabetic doctor**

                 **Dr. Rula Al-Aouar MD, 4700 Schaefer Rd, Dearborn, MI 48126 – GYN**

3

**Dr. Vinay K. Malviya, 29877 Telegraph Rd, Building 2, Suite 304, Southfield, MI 48034 – performed hysterectomy due to pre-cancerous Cells**

7.   For the past ten (10) years, state the names and addresses of any other hospitals in which you have been either an inpatient or an outpatient, along with the approximate dates of treatment and type of treatment received.  Pursuant to MCR 2.310, and if you will do so without a motion to produce, please produce any and all records from each of the above.

**ANSWER:    Beaumont Dearborn, 18101 Oakwood Blvd, Dearborn, MI 48124 – during Break, and both surgeries.**

8.   From for the past ten (10) years, state the names, addresses, employer names, and dates of employment of all places where you have been employed, along with approximate dates of employment.  Pursuant to MCR 2.310, and if you will do so without a motion to produce, please produce any and all records from each of the above.

**ANSWER:    Apple Inc., 10600 N. Tantau Ave, Capertino, CA 95014**
**7/14 – present**

**HP**
**On GM Techline, 585 S. Blvd E, Pontiac, MI 48341**
**2012 – 5/14**

**Percepta, On Ford Sync helpline, 11/2011 to 12/12**

**Stefanini Tech Team, Southfield, MI, Employed Via HCS Staffing for Louis Vuitton, 2011 to 2012**

**I was in college from 2002 – 2009 and did not work**

9.   Have you ever refused to consent to a diagnostic test or procedure recommended by any professional medical person?  If so, state:

a.   the date;
b.   the identity of the test or procedure involved;
c.   the name, address, and professional relationship to you of the person who recommended the test or procedure;
d.   the reason such person gave for desiring it and the identity of the person to whom such person stated that reason; and
e.   your reasons for refusing.

**ANSWER:    No.**

10.   If you are claiming any loss of wages (past or future) please state:

a.    the inclusive dates during which you were unable to work as a result of the alleged occurrence;

b.    the total amount of earnings which you lost as a result of your absence;

c.    the nature of your employment immediately prior to the alleged occurrence, indicating your job title, classification, and position;

d.    the name and address of your employer and place of business; and

e.    your earnings on a weekly, monthly, or annual basis.

**ANSWER:   I am not claiming lost wages to date as I was paid by disability insurance via Apple. I feel that my earing capacity has been impaired if I ever have to seek alternative employment.**

11.    Please give an account, itemized as fully and carefully as you can, of all losses and expense which you claim were incurred by you or on your behalf as a result of the alleged occurrence, stating in your answer those losses or expenses which are attributable to hospitals, doctors, medicines, or medical appliances.

**ANSWER:   Please see the attached Optum lien and E.O.B.s from United Healtcare Plus. I am in the process of calculating my medical mileage and out of pocket expenses. I will supplement this Answer when the information is complete.**

12.    With respect to any claim you are making for medical expenses, rehabilitation services, loss of earnings, loss of earning capacity, or other economic loss, please state the following:

a.    has any expense or loss claimed by you been paid by any insurance company, health care corporation, dental care corporation, health maintenance organization, employee benefit program, social security benefits, workers' compensation benefits, veterans administration benefits, motor vehicle insurance company, Medicare, Medicaid, or any other source?  If so, name each such source and the expense or loss paid by that source;

b.    Is any expense or loss claimed by you potentially payable by any insurance policy, health care corporation, dental care corporation, health maintenance organization, employee benefit program, social security benefits, workers' compensation benefits, veterans administration benefits, motor vehicle insurance company, Medicare, Medicaid, or any other source?  If so, name each such source and the expense or loss by which it is payable;

c.    Is any person, insurance company, or other entity entitled or possibly entitled by contract to a lien against any proceeds of plaintiff's recovery in this case?  If so, please state:

1.    the name of each person, insurance company, or other entity entitled or possibly entitled by contract to a lien;

2.    the type of and amount of lien to which the person, insurance company, or entity is entitled; and

3.    whether any person, insurance company, or other entity has taken any action whatsoever to enforce their lien against any proceeds of plaintiff's recovery in this

case.  If any action has been taken to enforce a lien, describe what action has been taken by which person, insurance company, or entity.

**ANSWER:**   **(a)**   **Medical expenses partially covered by UHC private insurance from employer Medical expenses.**
　　　　　　　**(b)**   **Medical expenses**
　　　　　　　**(c)**   **Yes.  United Health Care Choice plus**

13.   Have you ever filed an action or made a claim against a person, firm, or corporation for damages for person injuries (including workers compensation claims) other than this action?  If so:

    a.   give the name of the person, firm, or corporation against whom made;
    b.   state the date and place of the incident from which it arose;
    c.   state the disposition or termination of the action including the amount of any settlement or judgment obtained; and
    d.   state in which court or courts the action or claim was pending.

**ANSWER:**   **No.**

14.   State the names and addresses of all witnesses to the event here in question.

**ANSWER:**   **Abel Galvan, 5646 Bedford St., Dearborn Heights, MI  48125**

15.   State the names and addresses of all experts you may utilize in this case.

    a.   State the area of expertise and include any reports from such experts.

**ANSWER:**   **Dr. Alfred Faulkner, 21031 Michigan Ave, Dearborn, MI 48124**
　　　　　　　**(313) 277-6700**
　　　　　　　**Dr. Richard Rosenquist, 9500 Euclid Ave, Cleveland, OH  44195**
　　　　　　　**(216) 445-3900**

16.   Before the incident mentioned in your complaint, were you ever involved in any accidents of any kind, nature or description?  If so, state:

    a.   the date of each accident;
    b.   the place of each accident; and
    c.   the nature of each accident.

**ANSWER:**   **No.**

17.   Before the incident mentioned in your complaint, did you ever suffer any person injuries whatsoever?  If so, state:

    a.   the date, place and manner in which said injuries occurred;

      b.     the nature and extent of said injuries;

      c.     the names and addresses of any and all physicians, surgeons, and/or chiropractors who attended, examined, or rendered treatment to you as a result of said injuries; and

      d.     the names and addresses of all hospitals or clinics to which you were confined or at which you received any medical attention.

**ANSWER:**   **No.**

18.    List the names of the persons, firms or corporations from whom you purchased medicines, surgical supplies or appliances, and the price for each such medicine, surgical supply or appliance, from the date of the accident out of which this lawsuit arises to the date of this interrogatory.

**ANSWER:**   **I do not know the cost of my surgical supplies, appliances provided by my physicians. I do know that the United Health Care Choice Plus, my E.R.I.S.A. insurer has made a lien upon any recovery obtained in this lawsuit for medical services and products provided. That lien exceeds seventy nine thousand dollars. I have attached a copy of the lien and E.O.B.s to my Answers. My medications and co-pays were made for me by family members and I am currently trying to obtain information about those purchases. I will supplement this Answer if and when I receive that information.**

19.    Do you claim that you are now making less wages or receiving less compensation than you would be receiving had it not been for the injuries sustained in the accident?  If the answer is "yes", give specific details to support your contentions.

**ANSWER:**   **Not currently.**

20.    Have witness statements been obtained from anyone in connection with this incident?  If so, for each statement, state:

      a.     the name, address, job title or capacity, and place of employment of each person who gave the statement;

      b.     the date on which the statement was obtained;

      c.     whether the statement was oral, written or recorded;

      d.     the name, address and occupation of each person who has present control and custody of the statement(s); and

      e.     if you will do so without a motion to produce, and pursuant to MCR 2.310, please attach copies of all such statements to your answers to these interrogatories.

**ANSWER:**   **The only statements I made were to the employees of Krispy Kreme at the accident scene, to EMS, my doctors and my attorneys.**

21.   Have you ever made or signed or steno typed statements or records to any persons, companies or organizations concerning the accident?  If so, please give:

    a.   the date of the statements; and

    b.   the name of the person, company, or organization to whom the recording or statement was given.

**ANSWER:   No.**

22.   Do you have pictures or have you had pictures taken of yourself showing injuries claimed to have been caused by this accident, including videotapes?  If so:

    a.   identify the person who took the pictures or videotape;

    b.   state whether or not you are related to the photographer who took the pictures or video;

    c.   state whether or not you have the photographs or videotape; and

    d.   if not, state who has them.

**ANSWER:   Yes.  I took pictures of different times through my recovery I do have the pictures.**

23.   Do you have any pictures or videotape of the scene of the accident?  If so, please state:

    a.   identify the person who took the pictures or videotape;

    b.   state whether or not you are related to the photographer who took the pictures or video;

    c.   state whether or not you have the photographs or videotape; and

    d.   if not, state who has them.

**ANSWER:   Yes, me laying on the floor.**

    **(a)   Abel Galvan took the pictures**

    **(b)   Husband at the time**

    **(c)   See the attached photographs. Others will be produced when they can be downloaded from my husband's phone.**

    **(d)   They were in the phone of Abel Galvan.**

24.   Have you ever been prosecuted or convicted of a crime punishable as either a misdemeanor or a felony?  If so, please state:

    a.   what misdemeanor or felony;

    b.   the date of each prosecution or conviction;

    c.   the name of the court and the place of the court where the prosecution or conviction took place; and

8

    d.    the name and location of each prison or jail, if any, where you have been incarcerated.

**ANSWER:**    **(a)-(d) Plaintiff objects to this interrogatory as it is not in conformity with the Michigan Rules of Evidence, seeks information which is irrelevant and immaterial. However, in a spirit of cooperation Plaintiff states that she has not been convicted of a felony involving theft or dishonesty in the past ten years.**

25.    Have you ever filed a lawsuit or made a claim, including workers' compensation, for the accident described in the present complaint?  If so, state as follows:

    a.    The nature of the lawsuit or claim.
    b.    The names and addresses of the other parties involved.
    c.    The address and title of the court where the case was filed.
    d.    The date it was filed.
    e.    The disposition of said claim.

**ANSWER:**    **No.**

26.    Have you ever made a claim for a personal injury other than a lawsuit, such as an out of court settlement with an insurance company or other business?  If so, state the following:

    a.    The nature of the claim and the date of the occurrence giving rise to it.
    b.    The person or entity against whom the claim was made.
    c.    The disposition of said claim.

**ANSWER:**    **No.**

27.    Have you at any time applied for or received, or are now receiving any benefits under the State's No Fault Automobile Insurance Law?  If so, state:

    a.    The date and place of application.
    b.    The name and address of the company to whom you applied.
    c.    The claim number.
    d.    The registration number and the name of the owner of the automobile involved.

**ANSWER:**    **No.**

28.    Describe your activities on the claimed date of loss, from the beginning of the day to the end with as much detail as possible, giving names; places; times; etc.

**ANSWER:**    **On January 28ᵗʰ 2019, I went to a movie with my husband and his 2 minor nieces.   The theatre was closed.  On our way home, I was driving. And decided to stop at rispy Kreme for some donuts and coffee. Between 9:45 and 10pm.  I parked in the handicap parking right by the door since my husband has a handicap placard.**

As we walked in I was first. I got to almost the counter and when I slipped. I attempted to stop my fall by grabbing a chair. I fell onto my right knee and immediately felt pain from falling. My husband Abel kept asking me if I was ok and if I could get up and was laying on greasy clear liquid.

An employee came out to ask if I was ok. I was not. I could not move my leg. My husband informed the employee I was hurt, could not get up and to call an ambulance.

All of the employees were at the back of the store. A manager came out asked if I was ok and my husband told her that he instructed the employee to call the ambulance for me. The ambulance arrived, the 2 gentlemen grabbed me under my arms and sate me in a chair, I did not put any pressure on my right leg. From there they helped me lay into the stretcher.

The 2 ambulance guys were talking about the previous fire at the Krispy Kreme location and what portions of the place were new due to the fire. The one guy was by my feet and the other by my head. The one by my feet told the other one to move me away from the spot he was standing in, clear greasy very slippery liquid. This is the spot where I fell. He told him to move me because the floor was slippery and he didn't want to fall while they had to pull me up onto the stretcher.

I was taken by ambulance to Beaumont Hospital in Dearborn. I was given X-Rays and a CAT Scan to confirm my tibial plateau was fractured. I was sent home with instructions to see the surgeon and not to bear any weight on it. I was given an immobilizer and crutches.

29.   What is your educational background? Please state the name and address of all schools you attended along with the last grade completed, and any degrees you received.

**ANSWER:   Davenport University, 2009 graduate with a B.S. in Computer Information Systems**

30.   Have you ever served in the military? If so, please state:

    a.   The years you served;
    b.   What branch of the military;
    c.   Whether your discharge was honorable or dishonorable.

**ANSWER:   No.**

31.   Do you receive governmental assistance at the present time or at any time in the last ten (10) years? If so:

    a.   State the dates you received such assistance;
    b.   The amount of the assistance; and
    c.   The source of the assistance.

**ANSWER:   No.**

32.   Have you ever made a claim for Workers' Compensation?  If so:

     a.     State the full name and address of the employer;
     b.     State the date of the accident or claim;
     c.     Describe the accident or injury involved;
     d.     State the name of the Workers' Compensation Insurance
           carrier involved.

**ANSWER:**   **No.**

33.   Specify the condition that you claim caused you to be injured.

**ANSWER:**   **The slippery greasy, clear liquid on the floor at Krispy Kreme caused me to fall and break my tibial Plateau.**

34.   What basis do you have for your belief that the condition you described in your response to the previous interrogatory caused you to be injured?

**ANSWER:**   **The floor had a slippery clear liquid on it and cause me to slip and fall. After the fall it was apparent that someone had recently mopped the floor with a greasy mop and failed to put warning cones or placards up to warn customers of the dangerous and defective condition.**

35.   Did you observe the condition you described above prior to being injured?  If so, specify:

     a.     When you observed the condition;
     b.     How you observed it (visual or otherwise); and
     c.     Describe what you observed.

**ANSWER:**   **No.**
               **(a) After my fall.**
               **(b) Visual, by feel, by recognition by others including my husband, nieces, EMTs and employees of Krispy Kreme.**

36.   Did you observe the condition you described above after you were injured?  If so, specify:

     a.     When you observed the condition;
     b.     How you observed it (visual or otherwise); and
     c.     Describe what you observed.

**ANSWER:**   **Yes**
               **(a)**     **I was laying on the slippery substance**

    (b)    **Visual and felt it that close to the floor**
    (c)    **A slippery substance that you couldn't see**

37.    Do you know whether or how long the condition you described above existed prior to you being injured?  If so, specify:

    a.    The basis of your knowledge;
    b.    How the condition came to be (e.g., who caused it or how it developed, if you know)

**ANSWER:**    **Unknown.**

38.    Did you or anyone else previously bring the condition you described above to the attention of Defendant prior to you being injured?  If so, specify:

    a.    When this occurred;
    b.    Who provided this notice; and
    c.    To whom the notice was provided.

**ANSWER:**    **No.**

39.    What injury(ies) do you claim to have sustained as a result of this incident?  Describe each part of your body you claim was injured and give as much description as you can as to each injury as possible (in layman's terms).  PLEASE DO NOT SIMPLY STATE "SEE MEDICAL RECORDS."

**ANSWER:**    **I sustained a fracture of my tibial plateau with depression (Schatzker type II). I required surgery to place plate and 6 screws into my knee on 1/30/19. I went thru a hardware removal in 09/19.  I was also diagnosed with Complex Regional Pain Syndrome (CRPS) and have recently been seen for follow up care for the CRPS at the Cleveland Clinic.**

40.    Please provide the information below regarding Medicare/SSDI benefits:

**ANSWER: I do not receive Medicare or SSDI benefits.**

    a.    What is your date of birth?

    b.    What is your Social Security Number?

    c.    Are you currently receiving Medicare benefits?  (Yes or No)
            If yes, please provide your Medicare Health Insurance Claim Number (HICN):

   d.      If the answer to (c) is Yes, have you or your attorney notified the Medicare Coordination of Benefits Contractor about the claim you are making?  (Yes or No);

   e.      If the answer to (c) is No, have you ever applied for Social Security Disability Insurance ("SSDI") benefits?  (Yes or No)  If yes, provide date applied;

   f.      If SSDI was accepted, what is the date of your SSDI entitlement date?

   g.      Have you treated for end-stage renal disease that has required dialysis treatment or kidney transplant?  Yes ____ No_____

**ANSWER:**   (a-g)   **N/A**

## REQUEST FOR PRODUCTION OF MEDICAL INFORMATION

1.     Pursuant to MCR 2.314 please furnish Defendant with signed authorizations in the form approved by the State Court Administrator sufficient in order to enable defendant to obtain information requested from persons, institutions, hospitals, and other custodians in actual possession of medical records for all providers listed in response to any of the Interrogatories above.  An authorization is attached.

**ANSWER:**   **Signed authorizations are attached to these Answers.**

2.     Attach copies of all bills rendered by each hospital or clinic together with a copy of the hospital or clinic records pertaining to you.

**ANSWER:**   **The bill from the City of Allan Park and the E.O.B. from Equian are attached to these Answers.**

13

Dated: 1/1/20

Sarah Galvan

THE
SAM BERNSTEIN
LAW FIRM

31731 NORTHWESTERN HIGHWAY

SUITE 333

FARMINGTON HILLS,

MICHIGAN 48334-1669

(800) 225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

## PROOF OF SERVICE

    The undersigned certifies that **Plaintiff's Answers to Interrogatories to Sarah M. Galvan Plaintiff and Request for Production of Medical Records** was served upon all attorneys of record on January 28, 2020, via the court's e-filing system and/or regular U.S. mail at their respective addresses.

                                      /s/ Sharine Cook
                                      Sharine Cook

Form **4506**

(Rev. September 2013)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

▶ **Request may be rejected if the form is incomplete or illegible.**

OMB No. 1545-0429

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See Form 4506-T, **Request for Transcript of Tax Return**, or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions)** |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b Second social security number or individual taxpayer identification number if joint tax return** |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Legal Copy Services, Inc., P.O. Box 2845 Grand Rapids, MI 49501 (616) 949-1614

**Caution.** *If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.*

**6** Tax return requested, Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

Note. *If the copies must be certified for court or administrative proceedings, check here* . . . . . . . . . . . . . . . ☐

**7** Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**8** Fee. There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

| | | |
|---|---|---|
| **a** Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| **b** Number of returns requested on line 7 . . . . . . . . . . . . . . . . | | |
| **c** Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . | $ | |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . . ☐

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note.** *For tax returns being sent to a third party, this form must be received within 120 days of the signature date.*

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)   *Sarah Galvan*   Date

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature   Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.       Cat. No. 41721E       Form **4506** (Rev. 9-2013)

Social Security Administration
Consent for Release of Information

Form Approved
OMB No. 0960-0566

You must complete all required fields. We will not honor your request unless all required fields are completed. (*signifies a required field).

TO: Social Security Administration

_____        _____        _____
\*My Full Name                          \*My Date of Birth                    \*My Social Security Number
                                       (MM/DD/YYYY)

I authorize the Social Security Administration to release information or records about me to:

\*NAME OF PERSON OR ORGANIZATION:                    \*ADDRESS OF PERSON OR ORGANIZATION:
Keais Records Services, Inc.                         1010 Lamar St. #1800, Houston, TX 77002
Legal Copy Services, Inc.                            P.O. Box 2845 Grand Rapids, MI 49501 (616) 949-1614
Compex Legal Services, Inc.                          325 Maple Ave., Torrance, CA 90503
U.S. Legal Support                                   363 N. Sam Houston Parkway East, #200, Houston, TX 77060

\*I want this information released because:   Discovery for civil litigation
We may charge a fee to release information for non-program purposes.

\*Please release the following information selected from the list below:
You must specify the records you are requesting by checking at least one box. We will not honor a request for "any and all records" or "my entire file." Also, we will not disclose records unless you include the applicable date ranges where requested.

1. ☒ Social Security Number
2. ☒ Current monthly Social Security benefit amount
3. ☒ Current monthly Supplemental Security Income payment amount
4. ☒ My benefit or payment amounts from date _____ to date _____
5. ☒ My Medicare entitlement from date _____ to date _____
6. ☒ Medical records from my claims folder(s) from date _____ to date _____
   If you want us to release a minor child's medical records, do not use this form. Instead, contact your local Social Security office.
7. ☒ Complete medical records from my claims folder(s)
8. ☐ Other record(s) from my file (you must specify the records you are requesting, e.g., doctor report, application, determination or questionnaire)

I am the individual, to whom the requested information or record applies, or the parent or legal guardian of a minor, or the legal guardian of a legally incompetent adult. I declare under penalty of perjury (28 CFR § 16.41(d)(2004)) that I have examined all the information on this form, and any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly or willfully seeks or obtain access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that I must pay all applicable fees for requesting information for a non-program-related purpose.

\*Signature: _Sarah Galian_                              \*Date: _____

\*Address: _____

Relationship (if not the subject of the record): _____          \*Daytime Phone: _____

Witnesses must sign this form ONLY if the above signature is by mark (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of witness | 2. Signature of witness |
|---|---|
| Address (Number and Street, City, State, and Zip Code) | Address (Number and Street, City, State, and Zip Code) |

Form SSA-3288 (07-2013) EF (07-2013)

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT INFORMATION

1. SARAH M. GALVAN

    Employee Name                     Social Security Number             Date of Birth

2. I, the undersigned, authorize the following specific entity to release any and all information requested by the accompanying subpoena or letter, or as noted in paragraph 4 below, to The Law Offices of Terrance Lynch and/or their representatives: Compex, Keais Records Service, Inc., U.S. Legal Support, Inc., Legal Copy Services, and claim offices for the Liberty Mutual Group and its affiliate companies - Safeco Insurance Company, Indiana Insurance Company and Ohio Casualty Insurance Company.:

    Employer: _____

3. I understand that unless I expressly direct otherwise, I am authorizing the above person/agent and/or company to deliver to the requesting party the original information or a true exact copy of the original information accompanied by a signed copy of the provided verification statement, or to make such information available for copying, and that the information requested includes all information contained in my file, including but not limited to: employment application information, earnings information; time and attendance records; worker's compensation claims, as well as any and all medical records or medical report that may contain information about HIV, AIDS, and/or ARC.

4. A description of the information I authorize for use and disclosure is:

5. The authorization is valid for twelve months after being signed, or until the conclusion of the following:

6. I understand that the entity identified in paragraph 2 above will not condition treatment, payment, enrollment or eligibility for benefits on whether or not I sign this authorization

7. This authorization is signed to make my health information available to the other party (ies) to the law for use in any stage of the law suit. This may include medical information prior to and/or following the date of this authorization, up until the expiration date of the authorization. The information covered by this authorization may be relevant as my mental or physical condition is in controversy in the lawsuit. A photocopy of this authorization shall be considered as valid as the original.

8. I understand that I may revoke this authorization, except to the extent action has already been taken in reliance upon this authorization, at any time by sending a written revocation to the doctor, hospital, or other custodian of medical information.

9. The recipient of this information identified in paragraph 2 may make further disclosure of this information that may not be subject to the protections set forth in 45 CFR Parts 160 through 164.

*Sarah Galvan*

PATIENT SIGNATURE                                    DATE OF SIGNATURE

PARENT/LEGAL GUARDIAN SIGNATURE           DATE OF SIGNATURE

PERSONAL REPRESENTATIVE (DECEASED PATIENT)        DATE OF SIGNATURE

SUBSCRIBED AND SWORN BEFORE ME

THIS_____DAY_____20_____

NOTARY PUBLIC,_____COUNTY

MY COMMISSION EXPIRES:_____

### HIPPA Privacy Authorization
### For Disclosure of Protected Health Information
### Relevant to Litigation, Pending Claims or Intent to Sue

Patient's Name:   **SARAH M. GALVAN**

Regarding:   **SARAH M. GALVAN**

Date of Birth: 05/11/79                          SS #: 296789454

1.     I make this Authorization for the purpose of copying records in connection with a lawsuit or claim to which I am a party.

2.     This authorization is directed to and applies to protected health information maintained by:

_____

3.     I hereby authorize the above, its director, administrative and clinical staff or assignees, medical information services and billing departments to furnish **Law Offices of Christine Greig and/or their representatives: Compex, Keais Records Service, Inc., U.S. Legal Support, Inc., Legal Copy Services, and claim offices for the Liberty Mutual Group and its affiliate companies - Safeco Insurance Company, Indiana Insurance Company and Ohio Casualty Insurance Company**, with any and all medical records and information  related to my condition and treatment, including but not limited to: any and all admissions and discharge summaries, history and physical sheets, physicians orders, progress notes, operative records, nurses notes, therapist notes, consultation records, medication records, x-rays, CT, MRI films and laboratory reports, x-rays, outpatient (ER and/or Clinic) records.  I understand that medical information may include records, if any, relating to treatment for alcohol and drug abuse protected under the regulations in 42 C.F.R. Part 2; psychiatric/psychological services and social work records and any information regarding communicable diseases and infections, defined by Michigan Department of Public Health rule, which can include tuberculosis, venereal diseases, sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS), human immunodeficiency virus (HIV) or ARC.

4.     I understand that information used or disclosed pursuant to this authorization may be disclosed by the recipient and may no longer be protected by the Federal Privacy Rules.

5.     This authorization shall be in force and in effect until the conclusion of the pending litigation or claim unless otherwise specified.

6.     I understand that I have the right to revoke this authorization at any time.  I understand that if I revoke this authorization I must do so in writing and send it to the hospital, doctor or other custodian of medical information.  I understand that the revocation will not apply to information that has already been released in response to this authorization.

7.     A copy of this authorization is as valid as the original.

### All Pertinent Sections Of This Form Must Be Completed Before Signing

_____               *Sarah Galvan*
Date                                                          Signature of Patient or of Personal Representative

_____               *Sarah Galvan*
Description of Personal Representative's Authority         Print Name of Patient or Personal Representative

Fax Server P1833        3/4/2019 1:31:43 PM   PAGE   2/003   Fax Server

 **OPTUM®**  11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344

March 4, 2019

THE SAM BERNSTEIN LAW FIRM PLLC
LORIE LIEBERMAN
31731 NORTHWESTERN HIGHWAY SUITE 333
FARMINGTON HILLS, MI 48334

RE:  **Injured Party:**    **Sarah Galvan**
     **Date of Injury:**   **1/28/2019**
     **Group:**            **APPLE INC., #000700406**
     **File #:**           **33255117**

Dear Lorie Lieberman,

This letter is a follow up to our prior communications. Optum has been retained to pursue a recovery for the medical benefits that have been paid arising out of the above captioned injury.

To date, medical benefits have been paid on behalf of the above referenced injured party(ies) for the treatment of injuries sustained. Enclosed please find a copy of the medical payment summary. The amount of paid benefits may increase. Please contact us prior to settlement to obtain the total amount of paid benefits.

Please advise Optum of the current status of this matter. Thank you.

Sincerely,

Linda A. Norris

Linda Norris, Analyst
Phone: 844.709.6877 Fax: 800.842.8810
E-mail: Linda.P.Norris@Optum.com

To submit **New Referrals** or **Request Information** on existing cases, please access our Referral Portal at subroreferrals.optum.com

04-Mar-19 02:33P

# Med Payment Summary

Claimant: GALVAN, SARAH
Date of Incident: 01/28/2019
Last Update: 02/28/2019
File Number: 33255117
Analyst: Linda Norris

**OPTUM**

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago , IL  60675-6019

Tax ID # 41-1858498

Total Billed: $60,600.23
Total Paid: $58,077.86
Remaining Balance: $58,077.86
Created On: 03/04/2019

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated* | Diagnosis Codes | Diagnosis Desc. |
|---|---|---|---|---|---|---|---|---|
| 01/28/2019 | 761207060001 | OAKWOOD HOSPITAL MEDICAL CENT | $6,543.50 | $3,961.69 | 02/05/2019 | No | S82.141A, S82.141A, E11.9, M25.561 | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/28/2019 | 762280765001 | DRS HARRIS BIRKHILL WANG SONG | $74.00 | $31.52 | 02/13/2019 | No | S82.121A, S82.121A | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/29/2019 | 760635724001 | DRS HARRIS BIRKHILL WANG SONG | $148.00 | $68.99 | 02/06/2019 | No | S82.141A, S82.141A | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/30/2019 | 750712085501 | ALFRED M FAULKNER | $315.00 | $88.44 | 02/01/2019 | No | S82.101A, S82.101A | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 762007709901 | ANESTHESIA ASCS OF ANN ARBOR | $2,156.00 | $383.40 | 02/08/2019 | No | S82.101A, S82.101A G89.18, M79.604 | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 762007709902 | ANESTHESIA ASCS OF ANN ARBOR | $1,910.00 | $143.90 | 02/08/2019 | No | S82.101A, G89.18 S82.101A, M79.604 | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 762280757101 | DRS HARRIS BIRKHILL WANG SONG | $28.00 | $11.56 | 02/19/2019 | No | S82.121A, S82.121A | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 01/31/2019 | 762807667501 763368228HMAN | DRS HARRIS BIRKHILL WANG SONG OAKWOOD HEALTH GRP II | $28.00 $1,650.00 | $11.56 $248.29 | 02/19/2019 02/20/2019 | No No | Z98.890 S82.141A, S82.141A | Other specified post procedural states DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 763472979401 | OAKWOOD HOSPITAL MEDICAL CENT | $46,670.73 | $53,026.31 | 02/19/2019 | No | S82.141A, S82.141A, E11.9, I10 | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 02/03/2019 | 763656181101 | RILEY MCGINNIS SMITH | $213.00 | $66.97 | 02/18/2019 | No | S82.121A, S82.121A | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 02/18/2019 | 764502784MAN | ALFRED M FAULKNER DO | $264.00 | $26.32 | 03/04/2019 | No | S82.101D, S82.101D | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, SUBSEQUENT ENCOUNTER FOR CLOSED FRACTURE WITH ROUTINE HEALING |
| | | Subtotals: $60,600.23 | | $58,077.86 | | | | |

Page 1

04-Mar-19 02:33P

Printed: 12/09/15

This card does not guarantee coverage. To verify benefits, view claims, or find a provider, visit the websites, email or call.

For Members: www.myuhc.com 866-348-1286
Advocate4Me@uhc.com

For Providers: www.UnitedHealthcareOnline.com 877-842-3210
Medical Claims: PO Box 30555, Salt Lake City UT 84130-0555

shared savings
First Health Network

Pharmacy Claims: OptumRx PO Box 29044 Hot Springs, AR 71903
For Pharmacists: 888-290-5416







































**www.optum.com**

## FAX

| To: LORIE LIEBERMAN | From: Linda K. McGovern |
|---|---|
| Fax: (248) 737-4392 | Fax: 800-842-8810 |
| Phone: | Phone: 844.709.6877 |
| Pages (Including Cover): 08 | Thursday, June 27, 2019 1:33:48 PM Central |
| Comment: | |

Unauthorized interception of this facsimile could be a violation of federal and state law. We are required to safeguard privileged, confidential and/or protected health information by applicable law. The information in this document is for the sole use of the person(s) or company named above. If you have received this fax in error, please contact us by phone immediately to arrange for return of the documents.

If you have difficulty with this transmission, please contact the number above.

 **OPTUM®**   11000 Optum Circle
MN102-0300
Eden Prairie, MN 55344

June 27, 2019

THE SAM BERNSTEIN LAW FIRM PLLC
LORIE LIEBERMAN
31731 NORTHWESTERN HIGHWAY SUITE 333
FARMINGTON HILLS, MI 48334

RE:   **Injured Party:**      **Sarah Galvan**
      **Date of Injury:**     **1/28/2019**
      **Group:**              **APPLE INC., #000700406**
      **File #:**             **33255117**

Dear Lorie Lieberman,

This letter is a follow up to our prior communications. Optum has been retained to pursue a recovery for the medical benefits that have been paid arising out of the above captioned injury.

To date, medical benefits have been paid on behalf of the above referenced injured party(ies) for the treatment of injuries sustained. Enclosed please find a copy of the medical payment summary. The amount of paid benefits may increase. Please contact us prior to settlement to obtain the total amount of paid benefits.

Please advise Optum of the current status of this matter. Thank you.

Sincerely,

Linda McGovern

Linda Mcgovern, Senior Analyst
Phone: 844.709.6877 Fax: 800.842.8810
E-mail: Linda.Mcgovern@Optum.com

27-Jun-19 02:39P

Fax Server P1838          6/27/2019 1:35:36 PM   PAGE   3/008   Fax Server

**Pharmaceutical Payment Summary**
Claimant: GALVAN, SARAH
Date of Incident: 01/28/2019
Last Update: 06/26/2019
File Number: 33255117
Analyst: Linda McGovern

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago , IL  60675-6019

Tax ID # 41-1858498

Total Billed: $119,986.00
Total Paid: $79,309.80
Remaining Balance: $79,309.80
Created On: 06/27/2019

| Date Filed | Claim Number | Drug | Strength | Amount Paid | NDC | QT | Prescriber |
|---|---|---|---|---|---|---|---|
| 02/22/2019 | 000002111764 | OXYCODONE/ACETAMINOPHEN | 0 | $4.83 | 00406051205 | 28 | ALFRED M FAULKNER |
| 03/04/2019 | 000002123093 | OXYCODONE/ACETAMINOPHEN | 0 | $5.19 | 00406051205 | 28 | ALFRED M FAULKNER |
| 03/13/2019 | 000002129821 | HYDROCODONE/ACETAMINOPHEN | 0 | $5.48 | 00406012505 | 28 | ALFRED M FAULKNER |
| 03/22/2019 | 000002134219 | HYDROCODONE/ACETAMINOPHEN | 0 | $16.50 | 00406012505 | 90 | SHUSHOVAN CHAKRABORTTY |
| 04/20/2019 | 000002150441 | HYDROCODONE/ACETAMINOPHEN | 0 | $15.66 | 00406012505 | 90 | SHUSHOVAN CHAKRABORTTY |
| 05/17/2019 | 000002166496 | HYDROCODONE/ACETAMINOPHEN | 0 | $17.34 | 00406012505 | 90 | SHUSHOVAN CHAKRABORTTY |
| Subtotal: | | | | $65.00 | | | |

Page1

27-Jun-19 02:39P

**Med Payment Summary**
Claimant: GALVAN, SARAH
Date of Incident: 01/28/2019
Last Update: 06/26/2019
File Number: 33255117
Analyst: Linda McGovern

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago , IL  60675-6019

Tax ID # 41-1858498

**OPTUM**

Total Billed: $119,986.00
Total Paid: $79,309.80
Remaining Balance: $79,309.80
Created On: 06/27/2019

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated? | Diagnosis Codes | Diagnosis Desc. |
|---|---|---|---|---|---|---|---|---|
| 01/28/2019 | 76120780000 1 | OAKWOOD HOSPITAL MEDICAL CENT | $6,543.50 | $3,961.58 | 02/05/2019 | No | S82.141A, S82.141A, E11.9, M25.561 | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/28/2019 | 76226076500 1 | DRS HARRIS BIRKHILL WANG SONG | $74.00 | $31.62 | 02/13/2019 | No | S82.121A, S82.121A | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/28/2019 | 76405774430 1 | ALLEN PARK FIRE DEPT | $656.00 | $603.76 | 03/05/2019 | No | W19.XXXA, M25.551, W19.XXXA | UNSPECIFIED FALL, INITIAL ENCOUNTER |
| 01/28/2019 | 76937003000 1 | JONATHAN B LEISCHNER | $1,322.00 | $435.20 | 04/05/2019 | No | S82.141A, S82.141A, M25.561 | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/29/2019 | 76063572400 1 | DRS HARRIS BIRKHILL WANG SONG | $148.00 | $58.99 | 02/05/2019 | No | S82.141A, S82.141A | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/30/2019 | 76071208350 1 | ALFRED M FAULKNER | $915.00 | $58.44 | 02/01/2019 | No | S82.101A, S82.101A | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 76200770880 1 | ANESTHESIA ASC8 OF ANN ARBOR | $2,156.00 | $383.49 | 02/08/2019 | No | S82.101A, S82.101A, G89.18, M79.604 | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 76200770890 2 | ANESTHESIA ASC8 OF ANN ARBOR | $1,910.00 | $143.90 | 02/08/2019 | No | S82.101A, G89.18, S82.101A, M79.604 | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 76226075710 1 | DRS HARRIS BIRKHILL WANG SONG | $28.00 | $11.56 | 02/19/2019 | No | S82.121A, S82.121A | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 76226075750 1 | DRS HARRIS BIRKHILL WANG SONG | $28.00 | $11.56 | 02/19/2019 | No | 298.890 | Other specified post procedural states |
| 01/31/2019 | 76336522810 1 | OAKWOOD HEALTH GRP III | $1,650.00 | $298.20 | 02/20/2019 | No | S82.141A, S82.141A | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 76347297940 1 | OAKWOOD HOSPITAL MEDICAL CENT | $46,670.73 | $53,026.31 | 02/19/2019 | No | S82.141A, S82.141A, E11.9, I10 | DISPLACED BICONDYLAR FRACTURE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 76472490550 1 | ALFRED M FAULKNER | $16,860.00 | $1,530.09 | 03/05/2019 | No | S82.101A, S82.101A | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 01/31/2019 | 76472490570 1 | ASHLEY YONO | $16,890.00 | $7,759.00 | 03/27/2019 | No | S82.101A, S82.101A | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |

Page2

Fax Server P1838        6/27/2019 1:35:38 PM  PAGE  5/008  Fax Server

**Med Payment Summary**
Claimant: GALVAN, SARAH
Date of Incident: 01/28/2019
Last Update: 06/26/2019
File Number: 33255117
Analyst: Linda McGovern

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago , IL  60675-6019

Tax ID # 41-1858498

OPTUM

Total Billed: $119,986.00
Total Paid: $79,309.80
Remaining Balance: $79,309.80
Created On: 06/27/2019

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated? | Diagnosis Codes | Diagnosis Desc. |
|---|---|---|---|---|---|---|---|---|
| 02/02/2019 | 778624072101 | JEFFREY J KANE JR | $266.00 | $112.21 | 05/04/2019 | No | S82.121A , S82.121A , I10 , E11.65 | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 02/03/2019 | 783656181101 | RILEY MCGINNIS SMITH | $213.00 | $66.97 | 02/15/2019 | No | S82.121A , S82.121A | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 02/06/2019 | 774653379001 | BEAUMONT HOME MEDICAL EQUIPME | $72.10 | $61.10 | 04/17/2019 | No | S82.121A , S82.121A | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 02/16/2019 | 764502784201 | ALFRED M FAULKNER | $264.00 | $25.32 | 03/04/2019 | No | S82.101D , S82.101D | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, SUBSEQUENT ENCOUNTER FOR CLOSED FRACTURE WITH ROUTINE HEALING |
| 03/16/2019 | 769808020101 | ALFRED M FAULKNER | $264.00 | $25.32 | 04/03/2019 | No | S82.101D , S82.101D | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, SUBSEQUENT ENCOUNTER FOR CLOSED FRACTURE WITH ROUTINE HEALING |
| 03/22/2019 | 776589076701 | SHUSHOVAN CHAKRABORTTY | $377.52 | $170.48 | 04/30/2019 | No | M79.661 , M25.561 , M79.661 | PAIN IN RIGHT LOWER LEG |
| 04/03/2019 | 774654813901 | TEAM REHABILITATION TA LLC | $695.00 | $57.45 | 04/19/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 04/12/2019 | 775169273101 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 04/23/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 04/15/2019 | 775697191401 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 04/26/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 04/17/2019 | 775699072701 | TEAM REHABILITATION TA LLC | $470.00 | $204.95 | 04/26/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 04/19/2019 | 776436788201 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 04/30/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 04/19/2019 | 783400242801 | SHUSHOVAN CHAKRABORTTY | $148.72 | $73.93 | 06/10/2019 | No | M25.562 , M25.561 , M25.562 | PAIN IN LEFT KNEE |

Page 2

27-Jun-19 02:39P

# Med Payment Summary

Claimant: GALVAN, SARAH
Date of Incident: 01/28/2019
Last Update: 06/26/2019
File Number: 33255117
Analyst: Linda McGovern

**Please send all payments to:**

Optum
75 Remittance Drive
Suite 6019
Chicago , IL   60675-6019

Tax ID # 41-1858498

**OPTUM**

Total Billed: $119,986.00
Total Paid: $79,309.80
Remaining Balance: $79,309.80
Created On: 06/27/2019

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated? | Diagnosis Codes | Diagnosis Desc. |
|---|---|---|---|---|---|---|---|---|
| 04/22/2019 | 77723678301 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 05/05/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 04/24/2019 | 77722395090 1 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 05/05/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 04/29/2019 | 77823836800 1 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 05/01/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/03/2019 | 77879046700 1 | TEAM REHABILITATION TA LLC | $725.00 | $294.74 | 05/13/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/06/2019 | 77862653020 1 | ALFRED M FAULKNER | $982.00 | $83.43 | 05/15/2019 | No | S82.101D, S82.101D | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, SUBSEQUENT ENCOUNTER FOR CLOSED FRACTURE WITH ROUTINE HEALING |
| 05/08/2019 | 77958603450 1 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 05/2/2019 | No | M96.871, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/08/2019 | 77975524960 1 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 05/2/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/09/2019 | 78015872250 1 | OAKWOOD HOSPITAL MEDICAL CENT | $3,615.85 | $2,555.44 | 05/20/2019 | No | S83.91XA, S82.211A, S83.31XA | SPRAIN OF UNSPECIFIED SITE OF RIGHT KNEE, INITIAL ENCOUNTER |
| 05/09/2019 | 78172137101 | ALEC G LESKO II | $885.00 | $295.28 | 06/04/2019 | No | S83.91XA, E11.9, S83.91XA | SPRAIN OF UNSPECIFIED SITE OF RIGHT KNEE, INITIAL ENCOUNTER |
| 05/09/2019 | 78252762440 1 | DRS HARRIS BIRKHILL WANG SONG | $24.00 | $11.13 | 06/01/2019 | No | S99.911A, S99.911A | UNSPECIFIED INJURY OF RIGHT ANKLE, INITIAL ENCOUNTER |
| 05/08/2019 | 78252785730 1 | DRS HARRIS BIRKHILL WANG SONG | $81.00 | $35.00 | 06/01/2019 | No | S99.921A, S99.91XA, S99.921A | UNSPECIFIED INJURY OF RIGHT FOOT, INITIAL ENCOUNTER |
| 05/13/2019 | 78016516010 1 | ALFRED M FAULKNER | $618.00 | $88.11 | 05/16/2019 | No | S82.101D, S82.101D | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, SUBSEQUENT ENCOUNTER FOR CLOSED FRACTURE WITH ROUTINE HEALING |

Fax Server P1838      6/27/2019 1:35:36 PM   PAGE   7/008   Fax Server

## Med Payment Summary

Claimant: GALVAN, SARAH
Date of Incident: 01/28/2019
Last Update: 06/26/2019
File Number: 33255117
Analyst: Linda McGovern

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago, IL  60675-6019

Tax ID # 41-1858498

Total Billed: $119,986.00
Total Paid: $79,309.80
Remaining Balance: $79,309.80
Created On: 06/27/2019

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated? | Diagnosis Codes | Diagnosis Desc. |
|---|---|---|---|---|---|---|---|---|
| 05/14/2019 | 780771881201 | OAKWOOD HOSPITAL MEDICAL CENT | $1,575.00 | $1,164.23 | 05/28/2019 | No | S82.109S, S82.109S | UNSPECIFIED FRACTURE OF UPPER END OF UNSPECIFIED TIBIA, SEQUELA |
| 05/14/2019 | 782698742001 | DRS HARRIS BIRKHILL WANG SONG | $256.00 | $118.21 | 06/07/2019 | No | S82.121A, S82.121A, R93.7 | DISPLACED FRACTURE OF LATERAL CONDYLE OF RIGHT TIBIA, INITIAL ENCOUNTER FOR CLOSED FRACTURE |
| 05/20/2019 | 782435547601 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 06/04/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/22/2019 | 782451013301 | TEAM REHABILITATION TA LLC | $600.00 | $334.95 | 06/03/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/24/2019 | 782709107601 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 06/04/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/28/2019 | 783287944501 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 06/07/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/29/2019 | 783507439901 | TEAM REHABILITATION TA LLC | $600.00 | $334.95 | 06/07/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 05/31/2019 | 784041002101 | TEAM REHABILITATION TA LLC | $575.00 | $204.95 | 06/11/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 06/03/2019 | 783612775001 | ALFRED M FAULKNER | $618.00 | $58.11 | 06/05/2019 | No | S82.101D, S82.101D, M25.561 | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, SUBSEQUENT ENCOUNTER FOR CLOSED FRACTURE WITH ROUTINE HEALING |
| 06/03/2019 | 783612775002 | ALFRED M FAULKNER | $552.00 | $94.10 | 06/13/2019 | No | S82.101D, S82.101D | UNSPECIFIED FRACTURE OF UPPER END OF RIGHT TIBIA, SUBSEQUENT ENCOUNTER FOR CLOSED FRACTURE WITH ROUTINE HEALING |
| 06/03/2019 | 784288557101 | TEAM REHABILITATION TA LLC | $615.47 | $292.27 | 06/11/2019 | No | M96.671, R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |

## Med Payment Summary

Claimant: GALVAN, SARAH
Date of Incident: 01/28/2019
Last Update: 06/26/2019
File Number: 33255117
Analyst: Linda McGovern

Please send all payments to:

Optum
75 Remittance Drive
Suite 6019
Chicago , IL  60675-6019

Tax ID # 41-1858498

**OPTUM**

Total Billed: $119,986.00
Total Paid: $79,309.80
Remaining Balance: $79,309.80
Created On: 06/27/2019

| First Date of Service | Claim Number | Provider | Amount Billed | Amount Paid | Paid Date | Capitated? | Diagnosis Codes | Diagnosis Desc. |
|---|---|---|---|---|---|---|---|---|
| 06/03/2019 | 78428857103 | TEAM REHABILITATION TA LLC | $108.53 | $3.53 | 06/11/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 06/05/2019 | 78453896066MAN | TEAM REHABILITATION TA LLC | $600.00 | $478.50 | 06/14/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 06/07/2019 | 78453896065MAN | TEAM REHABILITATION TA LLC | $345.00 | $291.49 | 06/16/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 06/10/2019 | 78582825236MAN | TEAM REHABILITATION TA LLC | $345.00 | $291.49 | 06/23/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 06/12/2019 | 78607035944MAN | TEAM REHABILITATION TA LLC | $600.00 | $478.50 | 06/21/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |
| 06/14/2019 | 78653583819MAN | TEAM REHABILITATION TA LLC | $345.00 | $291.49 | 06/25/2019 | No | M96.671 , R26.2 | FRACTURE OF TIBIA OR FIBULA FOLLOWING INSERTION OF ORTHOPEDIC IMPLANT, JOINT PROSTHESIS, OR BONE PLATE, RIGHT LEG |

Subtotals: $119,635.42      $79,244.88

# CITY OF ALLEN PARK
## PO BOX 2122
## RIVERVIEW MI 48193-1122
### (888) 330-5405

Federal Tax ID: 386004531

| | | | |
|---|---|---|---|
| **Services Rendered To:** | SARAH GALVAN | **Account Number:** | 19-15440 |
| | | **Date of Call:** | 01/28/2019 |
| | | **Time of Call:** | 22:04:00 |
| | | **Caller:** | |

SARAH GALVAN **From:** 15050 SOUTHFIELD, CITY OF
5646 Bedford St ALLEN PARK, MI 48101
Dearborn Heights MI 48125-3443 **To:** Beaumont Hospital - Dearborn

**Primary Payor:** United Healthcare

**Secondary Payor:**

| Description | Qty. | Price | Contractual Allowance | Amount |
|---|---|---|---|---|
| A0429 BLS Emergency Base Rate | 1 | 600.00 | 0.00 | 600.00 |
| A0425 BLS Mileage | 4 | 56.00 | 0.00 | 56.00 |

Payor: United Healthcare          Dep. Date: 03/19/2019          -$603.78

## PLEASE PAY THIS AMOUNT.          $52.22

Please pay the balance due on this invoice. If you have insurance which covers this service, complete the back of this statement including your signature and return it to the address on the top of the statement. Please contact us with any questions.

**-- Your signature is required to bill your insurance. See reverse side of form. --**

804PPACCU011D

***DETACH LOWER PORTION AND RETURN STUB WITH YOUR PAYMENT. THANK YOU.***

CITY OF ALLEN PARK
PO Box 2122
Riverview MI 48193
ADDRESS SERVICE REQUESTED

☐ Visa ☐ Mastercard ☐ Discover

Card # _____ Code ____ Exp. Date _____
Printed Name _____
Signature _____ Amount Paid $ _____
Fast, Easy, Secure...Pay This Bill Electronically By VISA, MasterCard, Discover. Pay online at https://payments.g2gcloud.com/allenpark/877. A convenience fee will be assessed.

March 20, 2019

CITY OF ALLEN PARK
PO Box 2122
RIVERVIEW MI 48193-1122

19-15440-1D      229090295

SARAH GALVAN
5646 Bedford St
Dearborn Heights MI 48125-3443

L001 00P589
1 OF 1 PM

**Form 4506-T**
(Rev. September 2013)
Department of the Treasury
Internal Revenue Service

# Request for Transcript of Tax Return

▶ **Request may be rejected if the form is incomplete or illegible.**

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946. If you need a copy of your return, use Form 4506, Request for Copy of Tax Return. There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** *If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.*

**6** Transcript requested. Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶

**a** Return Transcript, which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days . . . . . ☐

**b** Account Transcript, which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days . ☐

**c** Record of Account, which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days . . . . ☐

**7** Verification of Nonfiling, which is proof from the IRS that you did not file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . ☐

**8** Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript. The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days . ☐

**Caution.** *If you need a copy of Form W-2 or Form 1099, you should first contact the Payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.*

**9** Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

Check this box if you have notified the IRS or the IRS has notified you that one of the years for which you are requesting a transcript involved identity theft on your federal tax return . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. Note. *For transcripts being sent to a third party, this form must be received within 120 days of the signature date.*

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)          Date

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature          Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.          Cat. No. 37667N          Form **4506-T** (Rev. 9-2013)

# EXHIBIT B



# BUSINESS CORPORATION ANNUAL REPORT

10-2017

NAME OF BUSINESS CORPORATION: **KRISPY KREME DOUGHNUT CORPORATION**

SECRETARY OF STATE ID NUMBER: 0081920     STATE OF FORMATION: NC

REPORT FOR THE FISCAL YEAR END: **12/31/2018**

> **Filing Office Use Only**
> E - Filed Annual Report
> 0081920
> CA201908708536
> 3/28/2019 05:12
>
> ☐ Changes

## SECTION A: REGISTERED AGENT'S INFORMATION

1. NAME OF REGISTERED AGENT: Corporation Services Company

2. SIGNATURE OF THE NEW REGISTERED AGENT: _____

SIGNATURE CONSTITUTES CONSENT TO THE APPOINTMENT

3. REGISTERED OFFICE STREET ADDRESS & COUNTY

2625 Glenwood Avenue Suite 550
Raleigh, NC 27608 Wake County

4. REGISTERED OFFICE MAILING ADDRESS

2625 Glenwood Avenue Suite 550
Raleigh, NC 27608

## SECTION B: PRINCIPAL OFFICE INFORMATION

1. DESCRIPTION OF NATURE OF BUSINESS: Production and/or sale of doughnuts, beverages and other complementary items.

2. PRINCIPAL OFFICE PHONE NUMBER: 3367333722     3. PRINCIPAL OFFICE EMAIL: Privacy Redaction

4. PRINCIPAL OFFICE STREET ADDRESS & COUNTY

370 Knollwood Street

Winston-Salem, NC 27103

5. PRINCIPAL OFFICE MAILING ADDRESS

370 Knollwood Street

Winston-Salem, NC 27103

6. Select one of the following if applicable. (Optional see instructions)

☐ The company is a veteran-owned small business

☐ The company is a service-disabled veteran-owned small business

## SECTION C: OFFICERS (Enter additional officers in Section E.)

NAME: Michael Tattersfield
TITLE: Chief Executive Officer
ADDRESS:
370 Knollwood Street
Winston-Salem, NC 27103

NAME: Michael Tattersfield
TITLE: President
ADDRESS:
370 Knollwood Street
Winston-Salem, NC 27103

NAME: Josh Charlesworth
TITLE: Chief Financial Officer
ADDRESS:
370 Knollwood Street
Winston-Salem, NC 27103

## SECTION D: CERTIFICATION OF ANNUAL REPORT. Section D must be completed in its entirety by a person/business entity.

Kimberly Kennedy

SIGNATURE
Form must be signed by an officer listed under Section C of this form.

3/28/2019

DATE

Kimberly Kennedy

Print or Type Name of Officer

Assistant Secretary

Print or Type Title of Officer

MAIL TO: Secretary of State, Business Registration Division, Post Office Box 29525, Raleigh, NC 27626-0525

**SECTION E: ADDITIONAL OFFICERS**

NAME: Josh Charlesworth

TITLE: Secretary

ADDRESS:

370 Knollwood Street

Winston-Salem, NC 27103

NAME: James Krikorian

TITLE: Treasurer

ADDRESS:

370 Knollwood Street

Winston-Salem, NC 27103

NAME: Kimberly Kennedy

TITLE: Assistant Secretary

ADDRESS:

370 Knollwood Street

Winston-Salem, NC 27103

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

Name:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS:

NAME:

TITLE:

ADDRESS: